J.A21013/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KAPRI DRAYTON, | : | |
| | : | |
| Appellant | : | No. 736 EDA 2014 |

Appeal from the Judgment of Sentence October 11, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0001979-2013

BEFORE: ALLEN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:　　　　　　**FILED SEPTEMBER 14, 2015**

Appellant, Kapri Drayton, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his bench convictions of carrying a firearm without a license and carrying a firearm on public streets in Philadelphia.[1]  His attorney, Karl L. Morgan, Esq. ("Counsel") of the Defender Association, has filed an ***Anders***[2] petition for leave to withdraw.  Counsel's brief presents three issues: the denial of his suppression motion and the sufficiency of evidence for both firearms

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6106, 6108.

[2] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

convictions.[3]   We grant Counsel's petition to withdraw and affirm the

judgment of sentence.

The trial court summarized the underlying facts as follows:

> On January 26, 2013, at approximately 6:44 p.m., Officer [Michael] Tritz and his partner were in the area of North Edgewood Street, Philadelphia[, in a marked police car.[4]]  According to Officer Tritz, the area is saturated with narcotics, gun violence, and gangs.  The Officers [went] to the 1600 block of North Edgewood Street after the police radio reported gunshots on the block.  Officer Tritz was informed by another Officer over the radio that he also heard gunshots in the same location.  While driving on Edgewood Street, in the course of responding to the radio calls regarding the gunshots, Officer Tritz observed [Appellant] running off of Lansdowne [Avenue] onto the 1600 block of Edgewood.  When first observed, [Appellant] did not appear to have anything in his hands.  When Officer Tritz was about fifty feet away, [Appellant] noticed the Police, stopped running, reached toward his waistband, and made a throwing motion with his right hand.  When the throwing motion occurred, Officer Tritz noticed a firearm coming out of [Appellant's] hand.  At the time, there was ample lighting in the area.
>
> After [Appellant] made the throwing motion, . . . Officer Tritz stopped and exited his vehicle.  Officer Tritz asked [Appellant] if he heard gunshots and inquired about what [Appellant] may have been running from.  Officer Tritz then went to search the area to investigate what [Appellant] threw away.   His partner stayed with

---

[3] The certified record transmitted on appeal did not initially include the notes of testimony of the combined suppression hearing and trial.  Upon informal inquiry by this Court, the trial court provided the transcript.  We remind Counsel the appellant bears the burden of "ensur[ing] the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty."  **See Commonwealth v. B.D.G.**, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*) (citations omitted).

[4] N.T., 8/19/13, at 13.

[Appellant]. A firearm was recovered from a nearby lawn [and] was determined to be a 380-caliber Bersa. After the firearm was recovered, Officer Tritz's partner placed [Appellant] under arrest. . . . A certificate of non-license was submitted into evidence, which indicated that [Appellant] was not licensed to carry a firearm on January 26, 2013. The subject firearm was examined and determined to be fully operational at the time of [Appellant's] arrest.

Trial Ct. Op., 11/25/14, at 1-2 (citing N.T., 8/19/13 at 6-7, 10-12, 14-16, 18, 22-24, 38-39).

Appellant subsequently filed a motion to suppress. The trial court held a hearing on August 19, 2013, at which Officer Tritz testified to the above facts. The court denied the suppression motion, and the case immediately proceeded to a bench trial, which incorporated the testimony of the suppression hearing. N.T., 8/19/13, at 32. Appellant did not testify or present evidence. The court found Appellant guilty of carrying a firearm without a license and carrying a firearm on public streets in Philadelphia.

On October 11, 2013, the court imposed the following sentences to run consecutively: (1) two to four years' imprisonment for carrying without a license, and (2) six to twelve months' imprisonment for carrying in public. Appellant did not file a post-sentence motion but took this appeal.[5]

---

[5] Appellant did not initially appeal, but on December 31, 2013, filed a timely counseled petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, to reinstate his direct appeal rights *nunc pro tunc*. The trial court granted the petition, and on March 4, 2014, Appellant filed a notice of appeal.

At this juncture, we note Appellant has been represented throughout these proceedings and this appeal by several members of the Philadelphia Defender Association. The court directed Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. Appellant's attorney filed a Rule 1925(b) statement, which raised one issue: the sufficiency of evidence for carrying a firearm without a license. His current counsel, Attorney Morgan, now presents this Court with an **Anders** petition to withdraw from representation and an **Anders** brief.

We first examine whether Counsel complied with the requirements of **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant].
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> ***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worth of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief."

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014) (some citations omitted). If counsel complies with these requirements, "we will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" ***Id.*** at 882 n.7 (citation omitted).

In the instant appeal, Counsel's ***Anders*** petition avers the following. He "made a conscientious examination of the record and has determined the appeal would be wholly frivolous." Counsel's Pet. to Withdraw as Counsel, 3/9/15, at ¶ 2. He notified Appellant of his request to withdraw, provided a copy of the petition to withdraw and brief, and advised him of his right to proceed *pro se* or with new counsel. Counsel attached a copy of his letter to Appellant. Furthermore, Counsel's brief sets forth the facts and procedural history of this case, pertinent law, and a discussion for why Appellant's issues are meritless. He again concludes this appeal is frivolous. In light of the foregoing, we hold Counsel has complied with the requirements of ***Santiago***. ***See Orellana***, 86 A.3d at 879-80. We note Appellant has not filed a *pro se* or counseled brief. We thus examine the record to determine whether the issues on appeal are wholly frivolous. ***See id.*** at 882 n.7.

As stated above, Counsel's **Anders** brief presents three distinct issues: the denial of Appellant's suppression motion,[6] the sufficiency of evidence for carrying a firearm without a license, and the sufficiency of evidence for carrying a firearm in public in Philadelphia. Appellant's court-ordered Rule 1925(b) statement, however, raised only one claim: the sufficiency of evidence for carrying a firearm without a license.

Rule 1925(b) states in pertinent part: "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). **See also Commonwealth v. McBride**, 957 A.2d 752, 755 (Pa. Super. 2008) ("'Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived.' **Commonwealth v. Castillo**, . . . 888 A.2d 775, 780 [(Pa. 2005)].").[7] We

---

[6] The specific suppression issue presented in the **Anders** brief is whether "the abandonment of the firearm by [A]ppellant [was] the result of police coercion." **Anders** Brief at 9.

[7] In **McBride**, the defendant's counsel failed to file a court-ordered Rule 1925(b) statement, and subsequently filed an **Anders** petition to withdraw with this Court. **McBride**, 957 A.2d at 756. This Court reasoned counsel's failure to file a Rule 1925(b) statement was *per se* ineffectiveness, and reasoned "we would **normally** remand for a concise statement *nunc pro tunc*." **Id.** (emphasis added) (citing **Commonwealth v. Scott**, 952 A.2d 1190 (Pa. Super. 2008)). However, the Court further opined that "Rule 1925 provides two options" to an attorney when directed to file a statement: comply with the order and file a Rule 1925(b) statement, or file a Rule 1925(c)(4) statement of intent to file an **Anders** brief. **McBride**, 957 A.2d at 757. The Court cited the note to Rule 1925(c) that "[e]ven lawyers seeking to withdraw pursuant to the procedures set forth in **Anders** . . . **are obligated to comply with all rules, including the filing of a Statement**." **Id.**

also note Rule 1925(c) provides in part: "In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an **Anders**/**McClendon** brief in lieu of filing a Statement." Pa.R.A.P. 1925(c)(4). The note to this subsection states, "Even lawyers seeking to withdraw pursuant to the procedures set forth in **Anders** . . . and **Commonwealth v. McClendon**, . . . 434 A.2d 1185 ([Pa.] 1981) are obligated to comply with all rules, including the filing of a Statement." Pa.R.A.P. 1925(c)(4), *note*.

In **Commonwealth v. Garang**, 9 A.3d 237 (Pa. Super. 2010), the defendant's counsel filed a court-ordered Rule 1925(b) statement, in which the sole sufficiency claim was that "the Commonwealth had no physical evidence linking [the defendant] to the allegations and that according to two of the alleged victims, the shooter was one of four people gathered outside."[8] **Id.** at 243. Subsequently, the attorney filed an **Anders** petition and brief with this Court. **Id.** at 239-40. This Court, however, found a challenge to the sufficiency of evidence for attempted homicide waived

---

The **McBride** Court then held that "absent the proper filing of any statement of record by counsel, this Court cannot properly consider counsel's request to withdraw." **Id.** at 758. It denied the attorney's request to withdraw and remanded for the filing of either a Rule 1925(b) concise statement or a Rule 1925(c)(4) statement of intent to file an **Anders** brief. **Id.**

[8] The trial court deemed the Rule 1925(b) statement untimely, but this Court disagreed. **Garang**, 9 A.3d at 241-42.

because it had "no direct counterpart in [the defendant's] 1925(b) Statement." *Id.* at 242-44 (citing Pa.R.A.P. 1925(b)(4)(vii); *Castillo*, 888 A.2d at 780; *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (reiterating that when challenging sufficiency of evidence on appeal, 1925 statement must specify elements upon which evidence was insufficient)).

In this appeal, Counsel opted to file a Rule 1925(b) statement and not a Rule 1925(c)(4) statement of intent to file an *Anders* brief. Pursuant to *Garang*, we are constrained to hold both the suppression issue and sufficiency challenge to carrying a firearm in public are waived for Counsel's failure to include it in the Rule 1925(b) statement. *See Garang*, 9 A.3d at 243-44. We thus consider only the sufficiency of the evidence for carrying a firearm without a license.

This Court has stated:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. [I]n applying the above test, the entire record must be evaluated and all evidence actually received must be considered. . . .

*Commonwealth v. Buford*, 101 A.3d 1182, 1185-86 (Pa. Super. 2014) (citation omitted), *appeal denied*, 114 A.3d 415 (Pa. 2015).

The Crimes Code defines the offense of firearms not to be carried

- 8 -

without a license, in part, as follows: "[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. § 6106(a)(1). "The issue of concealment depends on the particular circumstances present in each case, and is a question for the trier of fact." *Commonwealth v. Scott*, 436 A.2d 607, 608 (Pa. 1981) (citation omitted).

The trial court aptly noted the issue in Appellant's Rule 1925(b) statement was whether the Commonwealth failed to prove he carried a firearm either in a vehicle or concealed about his person. Trial Ct. Op. at 3. The court opined:

> Officer Tritz testified credibly that when he first observed [Appellant, he] did not have any objects in his hand. As he approached [Appellant], and was roughly fifty feet away, he observed [Appellant] reach toward his waistband, remove an object with his right hand, and toss the object away from his body. Upon the release of the object from [Appellant's] hand, Officer Tritz was able to identify the object as a firearm. He also testified that there was ample lighting at the time.
>
> The only reasonable inference to conclude is that prior to [Appellant] reaching to his waistband, the firearm was concealed on his person. Assuming, *arguendo*, that the firearm was on his person, but only partially concealed, in *Commonwealth v. Berta*, the court concluded that even a weapon only partially hidden on a person is still considered concealed. *Commonwealth v. Berta*, 514 A.2d 921, 923 (Pa. Super. 1986). . . . The firearm was subsequently . . . determined to be fully operational. Further, [Appellant] was not licensed to carry the firearm

- 9 -

at the time of his arrest. Accordingly, for the foregoing reasons, there was sufficient evidence to convict [Appellant] of carrying a concealed firearm about his person.

Trial Ct. Op. at 4-5.

We reiterate that "we may not weigh the evidence and substitute our judgment for the fact-finder," and the trial court specifically found Officer Tritz's testimony was credible. *See Buford*, 101 A.3d at 1185-86; Trial Ct. Op. at 4-5. We agree with the trial court's analysis, and thus agree with Counsel's determination that Appellant's sufficiency challenge is frivolous.

Accordingly, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Counsel's petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2015