J-S02014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMAZ JONES, | |
| Appellant | No. 3468 EDA 2014 |

Appeal from the Judgment of Sentence November 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008253-2013

BEFORE: SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED MARCH 15, 2016**

Appellant, Jamaz Jones, appeals from the judgment of sentence entered following his convictions of possession of a controlled substance with intent to deliver, simple possession of a controlled substance, and conspiracy. We affirm.

The trial court summarized the underlying facts of this case as follows:

> At about 6:45 AM, on June 8, 2013, Philadelphia Police Officer Stacy Wallace was conducting surveillance in the area of 900 North Broad Street, in Philadelphia, with her partner Police Officer Shipman. Officer Wallace observed [Appellant] and Kevin Baldwin having a conversation in a parking lot common to a McDonald's restaurant and a gas station.
>
> At approximately 7:00 AM, a black female approached Baldwin and engaged in a brief conversation. Baldwin then pointed to [Appellant] who was standing nearby. The female approached [Appellant], engaged in a brief conversation, then handed him an unknown amount of United States Currency

(USC), whereupon [Appellant] retrieved a clear baggy from his buttocks area and handed objects to the female.

Approximately 10 minutes later, a white female later identified as Dana Ramenter approached Baldwin and engaged in a brief conversation. Baldwin again pointed to [Appellant] and both Baldwin and Ramenter walked over to [Appellant]. After a brief conversation, Ramenter handed [Appellant] an unknown amount of USC. [Appellant] again retrieved a clear baggy from the area of his buttocks and handed pink objects to Ramenter, who then left the area.

Ramenter was stopped nearby, within view of Officer Wallace, Baldwin and [Appellant]. Baldwin and [Appellant] were looking in the direction of the arrest of Ramenter, then started to leave. Backup officers stopped [Appellant] and recovered from his person $327 in USC and a black iPhone. Nothing was recovered from Baldwin.

At the police station a more thorough search was done of [Appellant's] person, yielding a clear baggy with nine heat-sealed packets[,] which was recovered from his anus. Those packets proved to contain cocaine.

Trial Court Opinion, 4/30/15, at 3-4 (citations omitted)

In an information filed on July 2, 2013, Appellant was charged with the crimes of possession of a controlled substance with intent to deliver, simple possession of a controlled substance, and conspiracy. Appellant filed a motion to suppress all physical evidence, and the trial court held a hearing on January 28, 2014. The trial court denied Appellant's motion to suppress on February 5, 2014. On November 18, 2014, at the conclusion of a nonjury trial, Appellant was convicted of the crimes stated above. Also on that date, the trial court sentenced Appellant to serve an aggregate term of incarceration of eleven and one-half to twenty-three months, with

permission for the sentence to be served on house arrest, to be followed by three years of probation. This timely appeal followed.

On December 17, 2014, the trial court entered an order directing Appellant to comply with Pa.R.A.P. 1925(b) and file a concise statement within twenty-one days. However, Appellant erroneously filed an untimely Rule 1925(b) concise statement with this Court on January 12, 2015. Appellant's Rule 1925(b) concise statement was eventually received in the trial court on January 30, 2015. The trial court issued its opinion pursuant to Pa.R.A.P. 1925(a) on April 30, 2015.[1]

_____

[1] We note that, ordinarily, the failure to file a timely court-ordered Rule 1925(b) concise statement results in a waiver of all issues on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (explaining Rule 1925(b) is a bright-line rule). However, "[t]he complete failure to file the [Rule] 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." *Commonwealth v. Thompson*, 39 A.3d 335, 339 (Pa. Super. 2012) (quoting *Commonwealth v. Burton*, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*)); *see also generally Commonwealth v. Scott*, 952 A.2d 1190, 1192 (Pa. Super. 2008). In such circumstances, Rule 1925(c)(3) directs us to remand for the filing of a Rule 1925(b) concise statement *nunc pro tunc* and for the preparation of an opinion by the trial court. Pa.R.A.P. 1925(c)(3). Instantly, however, Appellant's Rule 1925(b) concise statement received in the trial court on January 30, 2015, although untimely filed, cures the defect that would be rectified by a remand pursuant to Rule 1925(c)(3). Further, the trial court did not file its Rule 1925(a) opinion until after the filing of the untimely Rule 1925(b) concise statement. Therefore, the trial court had the opportunity to address Appellant's issues on appeal. Accordingly, we are not precluded from reviewing the issues Appellant advances on appeal as they were included in his Rule 1925(b) concise statement.

In addition, on January 10, 2015, Appellant filed with the trial court an untimely post-sentence motion for modification of sentence. The record does not reflect that the trial court took any action on Appellant's untimely post-sentence motion.

Appellant presents the following issues for our review:

[1.] Did the Trial Court review the facts and apply the law properly to the determination of Probable Cause when denying [Appellant's] Motion to Suppress his arrest of June 8, 2013[.]

[2.] Was the evidence that the Commonwealth presented at trial sufficient to convict [Appellant] beyond a reasonable Doubt of Possession of a Controlled Dangerous Substance and Conspiracy.

Appellant's Brief at 5.

We address Appellant's contentions in reverse order because he would be entitled to discharge if the evidence was insufficient to support the verdict. "Because a successful sufficiency of the evidence claim warrants discharge on the pertinent crime, we must address this issue first." *Commonwealth v. Toritto*, 67 A.3d 29, 33 (Pa. Super. 2013). Moreover, we do not review that type of allegation based upon a diminished record; instead, we consider all evidence adduced, even that which Appellant claims should be suppressed. *See Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (explaining that "in conducting our [sufficiency] analysis, we consider all of the evidence actually admitted at trial and do not review a diminished record").

Appellant attempts to argue that the Commonwealth presented insufficient evidence to support his convictions. However, Appellant has abandoned any argument concerning the sufficiency of the evidence. Regarding sufficiency-of-the-evidence issues, an appellant must specify the elements upon which the evidence was insufficient in order to preserve the issue for appeal. *See Commonwealth v. Williams*, 959 A.2d 1252, 1257–1258 (Pa. Super. 2008) (finding waiver where the appellant failed to specify the elements of particular crime not proven by the Commonwealth). *See also Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (finding claim waived under *Williams* for failure to specify either in Rule 1925(b) statement or in argument portion of appellate brief which elements of crimes were not proven beyond a reasonable doubt).

Appellant has failed to specify in his appellate brief the elements of the crimes that were allegedly not established. Rather, Appellant's argument consists of citation to case law pertaining to the standard of review for sufficiency of the evidence, a reference to Merriam Webster's Dictionary, a self-serving recitation of the facts of the case, and a veiled challenge to the trial court's determination of the credibility and reliability of the evidence. Appellant's Brief at 11-12. Appellant's argument ends with the following summation:

> All the Commonwealth has proven is that [Appellant] had two conversations in the Parking lot of a McDonalds and a Gas Station at the Corner of 900 Broad Street, while a police officer watched.

- 5 -

> They have not proven at anytime that [Appellant] sold anything, when he was stopped and arrested at the scene, even the arresting officers, knowing where the drugs were located were unable [t]o locate those drugs. It was not until they conducted a strip search of [Appellant] that any Drugs were located.

Appellant's Brief at 13. Completely missing from Appellant's argument is any discussion as to which elements of which particular crimes were allegedly not proven by the Commonwealth. Consequently, Appellant's non-specific claim challenging the sufficiency of the evidence is waived. *Williams*, 959 A.2d at 1257–1258.

We next address Appellant's argument that the trial court erred in failing to grant his motion to suppress physical evidence. Appellant's Brief at 9-11. Specifically, Appellant claims that the police lacked the necessary probable cause to arrest him. We disagree.

With respect to an appeal from the denial of a motion to suppress, our Supreme Court has stated the following:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record. . . . Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007) (citations omitted). "It is within the suppression court's sole province as factfinder to

- 6 -

pass on the credibility of witnesses and the weight to be given their testimony." ***Commonwealth v. Gallagher***, 896 A.2d 583, 585 (Pa. Super. 2006). Moreover, we note that our scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing. ***In re L.J.***, 79 A.3d 1073, 1087 (Pa. 2013).[2]

Further, we are aware that Pa.R.Crim.P. 581, which addresses the suppression of evidence, provides in relevant part as follows:

> (H) The Commonwealth shall have the burden . . . of establishing that the challenged evidence was not obtained in violation of the defendant's rights.

Pa.R.Crim.P. 581(H).

> The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures, thereby ensuring the "right of each individual to be let alone." ***Schneckloth v. Bustamonte***, 412 U.S. 218, 236, 36 L. Ed. 2d 854, 93 S. Ct. 2041 (1973); ***Commonwealth v. Blair***, 394 Pa. Super. 207, 575 A.2d 593, 596 (Pa. Super. 1990).

---

[2] On October 30, 2013, our Supreme Court decided ***In re L.J.***, in which the Court held that our scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing. ***L.J.***, 79 A.3d at 1087. Prior to ***L.J.***, this Court routinely held that, when reviewing a suppression court's ruling, our scope of review included "the evidence presented both at the suppression hearing and at trial." ***Commonwealth v. Charleston***, 16 A.3d 505, 516 (Pa. Super. 2011) (quoting ***Commonwealth v. Chacko***, 459 A.2d 311 (Pa. 1983)). ***L.J.*** thus narrowed our scope of review of suppression court rulings to the evidence presented at the suppression hearing. In this case, Appellant's suppression hearing was held after ***L.J.*** was decided. Therefore, we will apply the rule announced in ***L.J.*** to the case at bar. ***See L.J.***, 79 A.3d at 1089 (stating holding applies to "all litigation commenced Commonwealth-wide after the filing of this decision").

***Commonwealth v. By***, 812 A.2d 1250, 1254 (Pa. Super. 2002).

To secure the right of citizens to be free from intrusions by police, courts in Pennsylvania require law enforcement officers to demonstrate ascending levels of suspicion to justify their interactions with citizens as those interactions become more intrusive. ***Commonwealth v. Beasley***, 761 A.2d 621, 624 (Pa. Super. 2000).

It is undisputed that:

> [s]tate case law recognizes three categories of interaction between police officers and citizens, which include: (1) a mere encounter, or request for information, which need not be supported by any level of suspicion, but which carries no official compulsion to stop or to respond; (2) an investigative detention, which must be supported by reasonable suspicion as it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest; and (3) arrest or custodial detention, which must be supported by probable cause.

***Commonwealth v. Acosta***, 815 A.2d 1078, 1082 (Pa. Super. 2003) (*en banc*).

"An arrest is defined as any act that indicates an intention to take the person into custody and subjects him to the actual control and will of the person making the arrest. . . . The test is an objective one, *i.e.*, viewed in the light of the reasonable impression conveyed to the person subjected to the seizure rather than the strictly subjective view of the officers or the persons being seized." ***Commonwealth v. Butler***, 729 A.2d 1134, 1137 (Pa. Super. 1999) (quoting ***Commonwealth v. Rodriquez***, 614 A.2d 1378, 1384 (Pa. 1992)).

It is well settled that the police may make a warrantless arrest if probable cause exists. ***Commonwealth v. Santiago***, 736 A.2d 624, 629-630 (Pa. Super. 1999). Probable cause for an arrest exists if the facts and circumstances within the knowledge of the police officer at the time of the arrest are sufficient to justify a person of reasonable caution in believing the suspect has committed or is committing a crime. ***Id***. at 630. Probable cause justifying an arrest is determined by the totality of the circumstances. ***Commonwealth v. Colon***, 777 A.2d 1097 (Pa. Super. 2001). Probable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference. ***Commonwealth v. Lindblom***, 854 A.2d 604, 607 (Pa. Super. 2004). We have long stated that in determining whether probable cause existed in a particular situation, a court will look not just at one or two individual factors, but will consider the "totality of the circumstances" as they appeared to the arresting officer. ***Commonwealth v. Dennis***, 612 A.2d 1014, 1016 (Pa. Super. 1992).

Applying these standards to the instant case, we conclude that the Commonwealth presented facts at the suppression hearing sufficient to establish probable cause, thereby justifying Appellant's arrest. Our review of the record reflects that at the suppression hearing the Commonwealth presented testimony from Philadelphia Police Officer Stacy Wallace, a member of the narcotics unit for over eighteen years. N.T., 1/28/14, at 9-

10. Officer Wallace testified that at 6:45 a.m. on June 8, 2013, she was in a confidential location observing the area of 900 North Broad Street for illegal drug sales. *Id*. at 4-5. At that time, Officer Wallace saw Appellant and Kevin Baldwin standing in an outdoor area shared by a McDonald's restaurant and a gas station from a distance of twenty to fifty feet. *Id*. at 5, 9. At approximately 7:00 a.m., Officer Wallace witnessed a female approach Mr. Baldwin and have a conversation with him. *Id*. at 6. Mr. Baldwin then directed the female to Appellant. *Id*. Officer Wallace testified that she saw the female then walk over to Appellant and engage in a brief conversation. *Id*. Officer Wallace witnessed the female handing Appellant an unknown amount of United States currency and Appellant reaching into his buttocks area and retrieving a clear baggy. *Id*. The officer testified that Appellant handed the female small pink objects from the baggie in return for the currency. *Id*. The female then crossed the street and entered an apartment building. *Id*.

In addition, Officer Wallace testified that, a short time later, she observed a second female approach Mr. Baldwin and engage in a brief conversation. N.T., 1/28/14, at 6. Again, Mr. Baldwin directed the female towards Appellant. *Id*. The female then approached Appellant and had a brief conversation with him. *Id*. Then, Officer Wallace saw the female hand Appellant an unknown amount of United States currency. *Id*. Appellant again retrieved the clear baggy from his buttocks area and handed the

- 10 -

female pink objects. *Id*. During the two transactions Officer Wallace used binoculars to aid her vision. *Id*. at 9. As the female left the area, Officer Wallace contacted back-up officers to stop the female. *Id*. at 7. Upon her arrest, the second female placed a pink object into her mouth when the police approached her. *Id*. Officer Wallace testified that Appellant and Mr. Baldwin were looking in the direction of the female's arrest and the two men then attempted to leave the scene. *Id*. Thereafter, Officer Wallace notified her back-up officers to arrest Appellant and Mr. Baldwin. *Id*.

The totality of the facts, within the knowledge of Officer Wallace at the time of the arrest, was sufficient to justify a person of reasonable caution in believing that Appellant had committed a crime. *Santiago*, 736 A.2d at 629-630. Therefore, the officer possessed probable cause necessary to permit the warrantless arrest of Appellant, and the suppression court properly denied Appellant's motion to suppress. Appellant's contrary argument lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/15/2016</u>

- 11 -