**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Vicky D. SCOTT, Appellant.**

Superior Court of Pennsylvania.

Submitted April 14, 2008.

Filed July 3, 2008.

Paul J. Walker, Scranton, for appellant.

Andrew J. Jarbola, Assistant District Attorney, Scranton, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., SHOGAN and COLVILLE *, JJ.

OPINION BY SHOGAN, J.:

¶ 1 Appellant, Vicky D. Scott, appeals from the judgment of sentence entered following her convictions of seven counts of arson endangering persons, seven counts of recklessly endangering another person, and one count of arson endangering property. We remand for further proceedings.

¶ 2 On March 23, 2007, a jury convicted Appellant of the crimes specified above. On July 11, 2007, the trial court sentenced Appellant to serve an aggregate term of incarceration of twenty-nine and one-half to eighty years. On July 23, 2007, Appellant filed a motion for reconsideration of sentence. The trial court denied Appellant's motion on August 2, 2007. Appellant filed this timely appeal on August 9, 2007. On August 14, 2007, the trial court issued an order directing Appellant to file a statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant did not comply with the trial court's order.

¶ 3 Appellant presents the following issues for our review:

1. Whether the trial court erred in ruling [Appellant's] statements admissible?

2. Whether the trial court erred by not declaring a mistrial when a Commonwealth witness asserted a privilege against self-incrimination?

3. Whether the lower court erred by imposing an excessive sentence?

Appellant's Brief at 6.

¶ 4 Before we address the merits of the issues presented, we first consider the ramifications of Appellant's failure to file a Rule 1925(b) statement. We are mindful that, in *Commonwealth v. Lord,* 553 Pa. 415, 420, 719 A.2d 306, 309 (1998), our Supreme Court held that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Rule 1925(b), any issues not raised in that statement are waived. In *Commonwealth v. Butler,* 571 Pa. 441, 812 A.2d 631 (2002), the Court further expanded on the *Lord* holding, stating that waiver automatically applies when a Rule 1925(b) statement is not filed or if an issue is not included in the Rule 1925(b) statement, even when the question of waiver has not been raised by the other party, and even when the trial court has chosen to overlook the failure by addressing the issues it assumed would be raised. However, our Supreme Court recently amended Rule 1925 and added a procedure for appellate courts to rectify a criminal appellant's failure to file a Rule 1925(b) statement.[1]

¶ 5 The pertinent part of the amended rule is found in subsection (c)(3), which states:

(3) If an appellant in a criminal case was ordered to file a Statement and

---

* Retired Senior Judge assigned to the Superior Court.

1. We note that the amendment to Rule 1925 became effective July 25, 2007, and thus applies to this case.

failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P.1925(c)(3). The official note to subsection (c)(3) provides the following additional guidance:

This paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement. It is thus narrower than (c)(2), above. Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and "clear" ineffectiveness. *See, e.g., Commonwealth v. Halley,* 582 Pa. 164, 172, 870 A.2d 795, 801 (2005); *Commonwealth v. West,* 883 A.2d 654, 657 (Pa.Super.2005). Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and *per se,* the court in *West* recognized that the more effective way to resolve such *per se* ineffectiveness is to remand for the filing of a Statement and opinion. *See West,* 883 A.2d at 657. The procedure set forth in *West* is codified in paragraph (c)(3). As the *West* court recognized, this rationale does not apply when waiver occurs due to the *improper* filing of a Statement. In such circumstances, relief may occur only through the post-conviction relief process and only upon demonstration by the appellant that, but for the deficiency of counsel, it was reasonably probable that the appeal would have been successful. An appellant must be able to identify *per se* ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate *per se* ineffectiveness is entitled to a remand. Accordingly, this paragraph does not raise the concerns addressed in *Johnson v. Mississippi,* 486 U.S. 578, 588–89, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) (observing that where a rule has not been consistently or regularly applied, it is not-under federal law-an adequate and independent state ground for affirming petitioner's conviction.)[.]

Pa.R.A.P.1925 at Note (2007). Accordingly, notwithstanding the decisions in *Lord* and *Butler,* pursuant to the amended version of Rule 1925, the complete failure by counsel to file a Rule 1925(b) statement, as ordered, is presumptively prejudicial and clear ineffectiveness, and this Court is directed to remand for the filing of a Rule 1925(b) statement *nunc pro tunc* and for the preparation and filing of an opinion by the trial judge.

¶ 6 In the instant matter, our review of the record reflects that Appellant filed her notice of appeal on August 9, 2007. On August 14, 2007, the trial court issued an order directing Appellant to file a statement pursuant to Rule 1925(b). However, the record further reflects that Appellant has completely failed to file a Rule 1925(b) statement as directed. Thus, we are convinced that counsel has been *per se* ineffective. Moreover, the trial court has not prepared an opinion pursuant to Rule 1925(a). Therefore, we are constrained to follow the dictates of Rule 1925(c)(3), as amended, and to remand for the filing of a Rule 1925(b) statement *nunc pro tunc* within 30 days of this Opinion and for the preparation of an opinion by the trial court, to be filed with this Court 30 days thereafter. *See also Commonwealth v. West,* 883 A.2d 654, 658 (Pa.Super.2005) (remanding for the filing of a Rule 1925(b)

statement and preparation of a trial court opinion and retaining jurisdiction).

¶ 7 Remanded for further proceedings consistent with this Opinion. Panel jurisdiction retained.