J-S28018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICK ROYB WEDDERBURN | |
| Appellant | No. 1372 EDA 2013 |

Appeal from the Judgment of Sentence April 12, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004751-2011

BEFORE: FORD ELLIOTT, P.J.E., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 01, 2014**

Patrick Royb Wedderburn appeals from his judgment of sentence imposed by the Court of Common Pleas of Montgomery County following his convictions for corrupt organizations,[1] possession with intent to deliver a controlled substance,[2] possession of a controlled substance,[3] criminal use of communications facility,[4] dealing in proceeds of unlawful activities,[5] and criminal conspiracy.[6] We remand for further proceedings.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 911(B)(1).

[2] 35 Pa.C.S. § 780-113(A)(30).

[3] 35 Pa.C.S. § 780-113(A)(16).

[4] 18 Pa.C.S. § 7512(A).

[5] 18 Pa.C.S. § 5111(A)(1).

[6] 18 Pa.C.S. § 905.

A jury found Wedderburn guilty on January 10, 2013, and on April 12, 2013, the court imposed an aggregate sentence of nine to eighteen years' imprisonment. Counsel filed a timely notice of appeal on May 10, 2013, and by order filed May 17, 2013, the trial court directed Wedderburn to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Wedderburn did not file a Rule 1925(b) statement, and on July 3, 2013, the trial court issued a short Rule 1925(a) opinion noting the lack of a Rule 1925(b) statement and recommending that this Court remand pursuant to Pa.R.A.P. 1925(c)(3).[7]

On appeal, Wedderburn challenges the legality of his sentence under the recently announced standard in **Alleyne v. United States**, 133 S. Ct. 2151 (2013) (facts that increase mandatory minimum sentence that can be imposed for offense are elements of offense and must be submitted to jury to be proven beyond reasonable doubt). We decline to reach the merits of his issue for the following reasons.

_____

[7] We note that the trial court employed the correct procedure when counsel fails to file a Rule 1925(b) statement. **See Commonwealth v. Thompson**, 39 A.3d 335, 341 n.11 (Pa. Super. 2012) (where counsel fails to file Rule 1925(b) statement, trial court should note counsel's *per se* ineffectiveness in 1925(a) opinion, permit counsel to file a statement *nunc pro tunc* following remand from Superior Court, and address issues raised in subsequent Rule 1925(a) opinion).

Pennsylvania Rule of Appellate Procedure 1925(c)(3), which governs remand for preparation of a Rule 1925(b) statement in a criminal case, provides:

> If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). In **Commonwealth v. Scott**, 952 A.2d 1190, 1192 (Pa. Super. 2008), this Court held that where "the Appellant has completely failed to file a Rule 1925(b) statement as directed . . . counsel has been *per se* ineffective." Moreover, in light of the fact that the trial court had not prepared a Rule 1925(a) opinion, this Court determined that it was constrained to remand for preparation of a Rule 1925(b) statement and a Rule 1925(a) opinion. **Id**.

Here, as in **Scott**, counsel disregarded the trial court's order directing him to file a concise statement, and, therefore, has been *per se* ineffective. And while the trial court authored a Rule 1925(a) opinion, it did not address the issues on appeal since defense counsel failed to alert the court to the issues complained of on appeal. Although this Court may review challenges to the legality of sentencing *sua sponte*, **see Commonwealth v. Garcia-Rivera**, 983 A.2d 777, (Pa. Super. 2009), the trial court should have the first opportunity to review its sentence in light of **Alleyne**. Additionally, it is in the interest of judicial economy to follow the process outlined in Rule 1925(c)(3). Following reinstatement of Wedderburn's appellate rights *nunc*

*pro tunc*, Wedderburn may raise any other issues he wishes to address in a single Rule 1925(b) statement.

Consistent with **Scott**, we remand for the filing of a Rule 1925(b) statement *nunc pro tunc* within 30 days of this memorandum and for the preparation of an opinion by the trial court, to be filed within 60 days thereafter.

Remanded for further proceedings consistent with this memorandum. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/1/2014