J. S69026/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF:  Q.S., A MINOR   :   IN THE SUPERIOR COURT OF
                                                          :            PENNSYLVANIA
APPEAL OF:  Q.S.,                          :
                                                          :   No. 275 EDA 2015
                              Appellant   :


Appeal from the Dispositional Order, October 15, 2014,
in the Court of Common Pleas of Philadelphia County
Juvenile Division at No. CP-51-JV-0002385-2014


BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.


JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:   **FILED FEBRUARY 26, 2016**

This appeal arises from an adjudicatory hearing which found appellant delinquent for commission of a robbery, graded as a felony of the first degree, and directed placement at a juvenile residential treatment facility. The only properly raised issue on appeal is a challenge to the sufficiency of the evidence of robbery. We affirm on the careful and well-reasoned opinion of the Honorable Abram Frank Reynolds which was filed on April 8, 2015.

Appellant did not file a Rule 1925(b) statement with the juvenile court although ordered to do so. We could find his sufficiency claim waived; however, this failure constitutes ineffectiveness **per se**. Pa.R.A.P. Rule 1925(a)(3). **Commonwealth v. Scott**, 952 A.2d 1190 (Pa.Super. 2008). Instantly, the juvenile court has thoroughly addressed the sufficiency claim in its opinion, and therefore a remand is not necessary.

Additionally, appellant appears, within the context of a sufficiency claim, to raise an issue as to alleged tainted identification by the victim. Although we find this issue waived for failure to properly raise the challenge in a suppression motion below, we find the totality of the evidence demonstrates that the victim's identification of appellant from a single photo was not so suggestive as to taint the subsequent photo array or the independent in-court identification. This victim had adequate time to observe appellant at the time of the encounter on the street, and gave a clear description to the police regarding appellant's appearance and his unique speech pattern prior to being shown the photo of a person known to police as fitting the same description.

Adjudication of delinquency is affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2016

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
FAMILY COURT DIVISION**

|  |  |  |
|---|---|---|
| IN THE INTEREST | : | CP-51-JV-0002385-2014 |
| Q. S. | : | |
|  | : | 275 EDA 2015 |

## OPINION

**REYNOLDS, J.**                                                          **April 8, 2015**

This opinion arises from an adjudicatory hearing before this Court on October 1, 2014 after which the Appellant was found to have committed the delinquent act of Robbery, graded as a felony of the first degree. Immediately following this hearing, the Court adjudicated the Appellant delinquent and ordered the probation department to plan for placement. This appeal followed. On February 4, 2015, this Court filed an order directing Appellant to file a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). No response was filed nor received by this Court. Consequently, this Court prepared the following Opinion addressing sufficiency of the evidence. The relevant facts elicited at the adjudicatory hearing are stated below.

On Monday, August 18, 2014, at about 5:10 a.m., the complainant, Chinule Levy, while on his way to work, only 20-30 feet away from his home located across from Fern Hill Park in the Germantown section of Philadelphia, observed a male, later identified as the Appellant, come out of the park. (N.T. October 1, 2014, p.3-4). The Appellant, who was wearing a black T-shirt, jeans and black sneaker boots, stopped by an unoccupied car and then began to travel in the opposite direction of Mr. Levy, (October 1, 2014, p. 3-4). Mr. Levy turned around to look at the Appellant, who was riding a bike, at which time he circled back around toward the complainant, (N.T. October 1, 2014, p.3). As he got closer, the Appellant, who had his left hand on the handle

1



bar and his right hand under his shirt, stated "I know you have something for me Oldhead." When Mr. Levy replied that he didn't have anything, the Appellant responded by saying, "Don't make me pull the strap." (N.T. October 1, 2014, p.4). Mr. Levy understood this to mean that the appellant had a gun. (N.T. October 1, 2014). He fled to his sister's house which was only two doors away on the corner of Abbotsford and Laurens Street and began ringing the doorbell, (N.T. October 1, 2014, p.4-5). Once his sister came to the door, the Appellant circled back toward the area where he had originally been seen. (N.T. October 1, 2014, p.4). The complainant called the police who responded and interviewed him a couple of hours later. (N.T. October 1, 2014, p.4-5). At that time the complainant gave a description of the Appellant as being very nervous and whose speech was very gargled, like he had marbles in his mouth. (N.T. October 1, 2014, p.5).

Earlier that same day, at approximately 4:34 a.m., Officer Monte and his partner Officer Tauscher saw the Appellant sitting in the rear driver's side seat of a parked car with the ignition off, located at 226 West Seymore Street. (N.T. October 1, 2014, p.9, 12). They stopped to investigate what appeared to be a curfew violation. (N.T. October 1, 2014, p.9). In the course of obtaining biographical information, Officer Monte noticed that the Appellant was wearing a black T-shirt and blue jeans. (N.T. October 1, 2014, p.9-10). Officer Monte could barely understand the Appellant because he mumbled the entire time. (N.T. October 1, 2014, p.10). After filling out a Pedestrian Incident Report (Form 75-48A), Officer Monte warned the Appellant not to be out at that time in the future. (N.T. October 1, 2014, p.11). After issuing the curfew violation the officer remembered that the Appellant remained standing by the car.

Approximately two hours later, at about 6:42 a.m., Officer Tauscher proceeded to 409 West Abbotsford Street in response to a radio call of a robbery which reportedly occurred a few blocks away from where the officer had initially encountered the Appellant. (N.T. October 1, 2014, p.13-15). Officer Tauscher reviewed the description of the perpetrator and interviewed the complainant. (N.T. October 1, 2014, p.14). Officer Tauscher, interviewed the complainant, who described his assailant as having matching clothing to that of the Appellant. (N.T. October 1, 2014, p.15). Based upon these factors, Officer Tauscher believed that the appellant may have been the perpetrator of the robbery which prompted him to show the complainant a picture of the Appellant. Mr. Levy immediately identified the Appellant as the person who had threatened him. (N.T. October 1, 2014, p.14, 16). The complainant went to Northwest Detective Division where

2

D-19

he was shown a photo array which included another photo of the Appellant. Mr. Levy again identified the Appellant. (N.T. October 1, 2014, p.16-18). Additionally, Mr. Levy made a positive identification of the Appellant at the adjudicatory hearing. (N.T. October 1, 2014, p.18-19).

When reviewing the sufficiency of the evidence, an appellant court must view all of the evidence presented at trial in a light most favorable to the verdict winner in determining whether every element of the crime has been proven beyond a reasonable doubt. Commonwealth v Devine, 26A.3d 1139 (Pa Super.2011). The findings of a hearing judge in a juvenile delinquency proceeding will not be reversed by the Superior Court unless it appears that the judge has clearly abused his discretion or committed an error of law. In re Love, 646 A2d 1233 (Pa. Super. 1994).

This Court finds that the Appellant had committed the delinquent act of Robbery based upon a finding that in the course of committing a theft, he intentionally put the complainant in fear of immediate serious bodily injury. 18 Pa.C.S.A. §3701 (a) (1) (ii). To sustain a conviction for Robbery under this subsection, a Court must focus upon the nature of the threat and whether the defendant reasonably placed another person in fear of immediate serious bodily injury. Commonwealth v Valentine, 101 A.3d 801 (Pa. Super. 2014). In Commonwealth v Hurd, 407 A.2d 418 (Pa. Super. 1979), the Court found that where the defendant threatened the robbery victim with what he intended him to believe to be a gun, evidence was sufficient to sustain a connection for robbery based upon a threat to cause immediate serious bodily injury in the course of committing a theft.

In the instant case, this Court found that the Appellant's actions reasonably caused the complainant to believe that he was in possession of a gun. The Appellant's words and actions clearly constituted a demand for money accompanied by a threat to cause serious bodily injury to the complainant. It was reasonable for the complainant to believe that the Appellant had a weapon which he was prepared to use if necessary. Furthermore, it was equally clear that the complainant reasonably believed that he was in danger of immediate serious bodily injury based upon his actions in fleeing to his sister's house.

3

D-12

For all of the above reasons the findings of this Court should be affirmed.

BY THE COURT:

ABRAM FRANK REYNOLDS, SJ.

4

R-14