J. S45019/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
ROBERT FLOYD MCCLUSKEY :
Appellant :
: No. 1518 WDA 2015

Appeal from the Judgment of Sentence July 6, 2015
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000650-2014

BEFORE: OLSON, DUBOW AND PLATT, JJ.[*]

JUDGMENT ORDER BY DUBOW, J.: **FILED JUNE 29, 2016**

Appellant, Robert Floyd McCluskey, appeals from the Judgment of Sentence entered in the Armstrong County Court of Common Pleas on July 6, 2015, following Appellant's conviction for Prohibited Offensive Weapons and Aggravated Assault.[1] After review, we are constrained to remand for further proceedings.

A recitation of the facts is unnecessary to our disposition. A jury convicted Appellant of the above charges on May 13, 2015. On July 6, 2015, the trial court sentenced Appellant to serve a sentence of sixteen to sixty months' incarceration. On July 16, 2015, Appellant timely filed a

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. § 908; 18 Pa.C.S. § 2702(a)(4).

Motion to Modify Sentence and Motion for Judgment of Acquittal. The trial court denied both Motions on August 28, 2015.

Appellant timely filed a counseled notice of appeal on September 28, 2015. That same day, the trial court entered an order on the docket ordering Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Accordingly, Appellant's Rule 1925(b) statement was due on or before October 19, 2015. The trial court's order notified Appellant that "any issue not properly included in the Statement of Errors timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." Trial Ct. Order, 9/28/15.

On October 30, 2015, the trial court filed a Rule 1925(a) Opinion in which the court noted that as of that date, Appellant had not filed a Rule 1925(b) statement as ordered and had not requested an extension of time in which to do so. The trial court opined, therefore, that Appellant had waived his issues on appeal pursuant to Pa.R.A.P. 1925(b)(4)(vii).

Rule 1925(c)(3) provides that, if an appellant in a criminal case is ordered to file a Rule 1925(b) Statement, but fails to do so such that the appellate court is convinced that counsel has been *per se* ineffective, this Court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge. *See* Pa.R.A.P. 1925(c)(3).

In the instant case, Appellant's counsel wholly failed to file the court-ordered Rule 1925 (b) statement. Notwithstanding the trial court's assertion

in its Opinion that Appellant has waived his issues on appeal, Appellant does not offer any explanation in his Brief for his failure to file a Rule 1925(b) Statement. Counsel's failure to comply with the trial court's September 28, 2015 Order constitutes *per se* ineffective assistance of counsel. ***See id.***; ***see also Commonwealth v. Scott***, 952 A.2d 1190, 1192-93 (Pa. Super. 2008).

Under Rule 1925(c)(3), the remedy for *per se* ineffectiveness in criminal cases is to remand to the trial court, either for the filing of a Rule 1925(b) Statement *nunc pro tunc* or, the filing of a Rule 1925(a) Opinion addressing the issues raised in an untimely 1925(b) statement. Accordingly, we remand this case with instructions that Appellant file a Rule 1925(b) Statement and the trial court file a responsive Rule 1925(a) Opinion.

Case remanded. Jurisdiction retained.