J-S79030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN MOBLEY | |
| Appellant | No. 642 EDA 2011 |

Appeal from the Judgment of Sentence August 30, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004178-2007

BEFORE:  GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                **FILED JANUARY 11, 2017**

Kevin Mobley appeals from the judgment of sentence entered on August 30, 2010 by the Philadelphia County Court of Common Pleas. Because Mobley has not filed a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), we remand.

On August 30, 2010, Mobley pled *nolo contendere* to a charge of third-degree murder[1] and was sentenced to 15 to 30 years' incarceration. On September 8, 2010, Mobley filed post-sentence motions, which he had earlier presented as *pro se* pre-trial motions, in part, challenging the trial

_____

[1] 18 Pa.C.S. § 2502(c).

court's jurisdiction to hear his case. On February 7, 2011, the trial court entered an order denying Mobley's post-sentence motions.[2]

On March 8, 2011, Mobley filed a timely notice of appeal. On April 7, 2011, the trial court entered an order directing Mobley to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Mobley never filed a 1925(b) statement.[3] The trial court did not file an opinion in support of its order pursuant to 1925(a),[4] and the judge who denied Mobley's post-sentence motions is no longer sitting as a judge in Philadelphia County.

On appeal, Mobley avers that his counsel at the time never received the trial court's April 7, 2011 order, because it was sent to the wrong address. Mobley's Br. at 5. Mobley further avers that "previous counsel never noticed that a 1925(b) Order was ever entered until previous counsel

---

[2] The trial court's February 7, 2011 order disposing of Mobley's post-sentence motions includes the court's reasons for denying the motions. **See** Order, 2/7/11.

[3] The record reflects Mobley was counseled at the time he filed his notice of appeal and at the time the trial court entered the Rule 1925(b) order.

[4] On July 18, 2011, the trial court sent a letter to this Court, indicating that it would forward the record without an opinion because Judge Renee Cardwell Hughes was no longer sitting on the bench.

was reviewing the Philadelphia Court of Common Pleas record that was in the file in Superior Court." ***Id.***[5]

Before addressing the merits of Mobley's appeal, we must first address whether Mobley has preserved his claims for appellate review. As the Pennsylvania Supreme Court has stated:

> Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011).

However, Rule 1925(c)(3) provides "a procedure for appellate courts to rectify a criminal appellant's failure to file a Rule 1925(b) statement":

> If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

---

[5] We note that this matter's unusually lengthy procedural history at the appellate level includes the substitution of appellate counsel in 2013.

Pa.R.A.P. 1925(c)(3); *see Commonwealth v. Scott*, 952 A.2d 1190, 1191-92 (Pa.Super. 2008). Moreover, this Court has previously found that "the complete failure by counsel to file a Rule 1925(b) statement, as ordered, is presumptively prejudicial and clear ineffectiveness." *Scott*, 952 A.2d at 1192.

Our review of the record reveals that Mobley's prior appellate counsel was *per se* ineffective, because Mobley failed to file a Rule 1925(b) statement as ordered, even after discovery of the Rule 1925(b) order in the record. Furthermore, the trial court has not prepared an opinion pursuant to Rule 1925(a). Therefore, pursuant to Rule 1925(c)(3), we remand for the filing of a Rule 1925(b) statement *nunc pro tunc* within 30 days of this memorandum and for the preparation of an opinion by the trial court, to be filed with this Court within 30 days after the filing of the 1925(b) statement. *See* Pa.R.A.P. 1925(c)(3).

Case remanded for further proceedings consistent with this decision. Jurisdiction retained.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2017

- 4 -