J. S01030/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN CARL PEARCE III, | : | |
| | : | |
| Appellant | : | No. 773 MDA 2016 |

Appeal from the Judgment of Sentence April 11, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002268-2013

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:                          **FILED MARCH 13, 2017**

Appellant, John Carl Pearce III, appeals from the April 11, 2016 Judgment of Sentence entered in the Luzerne County Court of Common Pleas following Appellant's open guilty plea to one count of Carrying a Firearm Without a License.[1]  After review, we are constrained to remand for further proceedings.

A recitation of the facts is unnecessary to our disposition.  On August 10, 2015, Appellant pled guilty to one count of Carrying a Firearm Without a License.  There was no agreement as to sentencing.  On April 11, 2016, the trial court sentenced Appellant to serve a sentence of 24 to 48 months of incarceration.  Although Appellant did not file a Motion to Modify Sentence,

_____

[1] 18 Pa.C.S. § 6106(a)(1).

he did challenge the calculation of his prior record score at the April 11, 2016 Sentencing Hearing.

Appellant timely filed a counseled Notice of Appeal on May 9, 2016. On May 10, 2016, the trial court entered an Order on the docket directing Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Accordingly, Appellant's Rule 1925(b) Statement was due on or before May 31, 2016. The trial court's Order notified Appellant that "[a]ny issue not properly included in this Statement [of Errors] timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." Trial Court Order, dated 5/10/16.

On July 11, 2016, the trial court filed a Rule 1925(a) Opinion in which the court noted that, as of that date, Appellant had not filed a Rule 1925(b) Statement as ordered and had not requested an extension of time in which to do so. The trial court opined, therefore, that Appellant had waived his issues on appeal.

On July 14, 2016, Appellant filed a *Nunc Pro Tunc* Petition for Permission to File a Concise Statement of Errors Complained of on Appeal, which the trial court denied on July 18, 2016. On July 20, 2016, Appellant filed a Motion for Reconsideration, which the trial court also denied. Appellant's counsel nonetheless filed a Brief on October 31, 2016, challenging the discretionary aspects of his sentence. As of this writing,

Appellant has not filed a Rule 1925(b) Statement and the trial court did not filed a Rule 1925(a) Opinion responsive to the issue raised in Appellant's Brief to this Court.

Rule 1925(c)(3) provides that, if an appellant in a criminal case is ordered to file a Rule 1925(b) Statement, but fails to do so such that the appellate court is convinced that counsel has been *per se* ineffective, this Court "shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." **See** Pa.R.A.P. 1925(c)(3).

In the instant case, Appellant's counsel wholly failed to file the court-ordered Rule 1925(b) Statement and does not offer any explanation in Appellant's Brief for this failure. Counsel's failure to comply with the trial court's May 10, 2016 Order constitutes *per se* ineffective assistance of counsel. **See id.**; **see also Commonwealth v. Scott**, 952 A.2d 1190, 1192-93 (Pa. Super. 2008).

Accordingly, we remand this case with instructions for Appellant to file a Rule 1925(b) Statement within 15 days of this Order and the trial court to file a responsive Rule 1925(a) Opinion within 30 days of the filing of Appellant's 1925(b) Statement.

Case remanded with instructions. Jurisdiction retained.