J. S15036/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                    :           PENNSYLVANIA
               v.                :
                                      :
ALANAH F.F. PETERS,             :         No. 2176 EDA 2015
                                      :
             Appellant      :

Appeal from the Judgment of Sentence, June 2, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0001270-2012

BEFORE:  BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 17, 2017**

Alanah F.F. Peters appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after a jury convicted her of attempted murder, aggravated assault, robbery, conspiracy to commit murder, possession of an instrument of crime, recklessly endangering another person, and two firearms violations.[1]  The trial court imposed an aggregate sentence of 13 to 30 years of imprisonment.  We are constrained to remand due to appellate counsel's dilatory conduct.

The record reflects that on July 20, 2015, trial counsel filed a timely notice of appeal to this court.  By order docketed November 11, 2015, the trial court directed appellant to file a statement of errors complained of on

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a), 3701(a)(1)(ii), 903, 907(a), 2705, 6106(a)(1), and 6108, respectively.

appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. That order was served on trial counsel. Appellant failed to file a Rule 1925(b) statement. On January 20, 2016, the trial court filed an amended order that directed appellant to file a Rule 1925(b) statement within 21 days. That order was served on appellate counsel. Appellant failed to file a Rule 1925(b) statement. On February 12, 2016, the trial court filed an amended order that again directed appellant to file a Rule 1925(b) statement no later than April 1, 2016. That order was served on appellate counsel.

The record next reflects that on April 13, 2016, the trial court granted appellant's motion for extension to file the Rule 1925(b) statement and ordered that appellant file the statement within 30 days. Appellant failed to comply. On May 26, 2016, the trial court filed a short Rule 1925(a) opinion noting appellant's failure to file a Rule 1925(b) statement and concluding that a careful review of the record revealed no issues of plausible merit and that it deemed appellant's issues waived for appellant's failure to file a Rule 1925(b) statement. (Trial court opinion, 5/26/16 at 3.) The trial court further noted that, "[a]lternatively, it is clear from this court's review of the facts presented at [appellant's trial], the evidence to support the verdict is overwhelming." (*Id.* at 4.)

The trial court record was then transmitted to this court on June 2, 2016. On August 22, 2016, this court dismissed appellant's appeal because appellant failed to file a brief. On September 16, 2016, this court granted

appellant's application to reinstate the appeal. Then, on October 16, 2016, appellant filed a Rule 1925(b) statement with the trial court wherein she raised seven issues for this court's review. We decline to reach the merits of appellant's issues.

Pennsylvania Rule of Appellate Procedure 1925(c)(3) provides:

> If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). In **Commonwealth v. Scott**, this court held that where "the [a]ppellant has completely failed to file a Rule 1925(b) statement as directed . . . counsel has been *per se* ineffective." 952 A.2d 1190, 1192 (Pa.Super. 2008). In **Scott**, this court remanded for preparation of a Rule 1925(b) statement and a Rule 1925(a) opinion because the trial court had not prepared a Rule 1925(a) opinion. **Id.**

Here, appellate counsel disregarded the trial court's orders directing him to file a concise statement and, therefore, has been **per se** ineffective. And while the trial court authored a Rule 1925(a) opinion, it could not address the issues that appellant now raises because appellate counsel failed to alert the trial court to the errors complained of on appeal. In fact, for reasons unknown, counsel filed a Rule 1925(b) statement nearly five months after the trial court filed its Rule 1925(a) opinion. Therefore, we are constrained to remand to the trial court for the preparation of an opinion

that addresses the seven issues appellant raised in her October 16, 2016 Rule 1925(b) statement, to be filed within 60 days.

Remanded for further proceedings consistent with this memorandum. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2017