J-S62021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN MCLEOD | |
| Appellant | No. 26 MDA 2017 |

Appeal from the Judgment of Sentence November 28, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-SA-0000160-2016

BEFORE:  STABILE, J., MOULTON, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY MOULTON, J.:          **FILED OCTOBER 27, 2017**

Stephen McLeod appeals from the November 28, 2016 judgment of sentence entered in the Dauphin County Court of Common Pleas following his bench-trial conviction for driving while operating privilege is suspended or revoked, 75 Pa.C.S. § 1543(a).  We remand for the trial court's acceptance of McLeod's Pennsylvania Rule of Appellate Procedure 1925(b) statement and preparation of a Rule 1925(a) opinion.

On July 25, 2016, a magisterial district judge found McLeod guilty of the aforementioned offense.  On August 24, 2016, McLeod filed a summary appeal to the trial court.  On November 28, 2016, following a *de novo* hearing, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

trial court found McLeod guilty. On December 28, 2016, McLeod filed a notice of appeal.

On January 13, 2017, the trial court ordered McLeod to file a Rule 1925(b) statement. This order was sent to McLeod's counsel by certified mail, return receipt requested. On February 8, 2017, the order was returned to the trial court as undeliverable. On March 1, 2017, the trial court filed a statement in lieu of memorandum opinion, requesting that this Court quash the appeal because McLeod had failed to file a Rule 1925(b) statement.

On March 9, 2017, McLeod filed a motion to file a Rule 1925(b) statement *nunc pro tunc*, to which McLeod attached a Rule 1925(b) statement. On May 16, 2017, the trial court denied McLeod's motion, finding that an appeal *nunc pro tunc* was inappropriate because the circumstances that led McLeod's counsel to miss the deadline were not "unforeseeable or unavoidable event[s]." Mem. Op. and Order, 5/16/17, at 5.

Both McLeod and the Commonwealth request that this Court remand this matter for the filing of a Rule 1925(b) statement and accompanying Rule 1925(a) opinion because, under Rule 1925(c)(3), McLeod should be given the opportunity to file a Rule 1925(b) statement *nunc pro tunc*.[1] We agree.

Rule 1925(c)(3) provides:

---

[1] McLeod alternatively requests that the Court address the merits of his issue. However, because the trial court has not provided, in writing, its reasons for denying McLeod's motion to suppress, we decline to address the merits of the issue at this time.

> If any appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). Under these circumstances, "this Court is directed to remand for the filing of a Rule 1925(b) statement *nunc pro tunc* and for the preparation and filing of an opinion by the trial judge." **Commonwealth v. Scott**, 952 A.2d 1190, 1192 (Pa.Super. 2008).

Here, McLeod filed a notice of appeal, and the trial court ordered McLeod to file a Rule 1925(b) statement. McLeod's counsel, who may not have received the order, failed to file such a statement and, despite McLeod filing a motion requesting to file a Rule 1925(b) statement *nunc pro tunc*, to which he attached a proposed Rule 1925(b) statement, the trial court did not address the merits of McLeod's issue on appeal. Accordingly, "we are constrained to follow the dictates of Rule 1925(c)(3)." **Scott**, 952 A.2d at 852. We, therefore, remand this matter and direct the trial court to accept *nunc pro tunc* McLeod's previously submitted Rule 1925(b) statement and to prepare and file a Rule 1925(a) opinion no later than 21 days after the filing of that statement.

Further, we give McLeod the option as to whether he would like to file a new brief in response to the trial court's Rule 1925(a) opinion. McLeod shall notify the Prothonotary of this Court, in writing, within 7 days of being served with the trial court's opinion, whether he intends to file an additional brief. If

- 3 -

so, the Prothonotary will set a briefing schedule.  If not, we shall determine the merits of McLeod's issue on the briefs already submitted.

Case remanded with instructions.  Jurisdiction retained.