J-S52027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KEITH SHAWN HALL | : | |
| Appellant | : | No. 567 MDA 2018 |

Appeal from the PCRA Order Entered March 27, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002990-2015

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY McLAUGHLIN, J.:       **FILED NOVEMBER 28, 2018**

Keith Shawn Hall appeals from the order denying him relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We remand to permit Hall to file a Pa.R.A.P. 1925(b) statement *nunc pro tunc* and for the PCRA court to prepare a Pa.R.A.P. 1925(a) opinion. **See** Pa.R.A.P. 1925(c)(3).

The court sentenced Hall in 2016 for possession with intent to deliver heroin and related charges. Hall filed notice of direct appeal, and this Court affirmed Hall's judgment of sentence on April 24, 2017. Hall filed a timely PCRA Petition and the court appointed PCRA counsel, who filed an Amended Petition and represented Hall at an evidentiary hearing. The PCRA court denied relief, and Hall appealed. On April 5, 2018, the PCRA court ordered Hall to submit Rule 1925(b) statement. No 1925(b) statement appears in the certified record, and neither the trial court docket, the PCRA court's 1925(a) opinion, nor the parties' briefs indicate counsel filed one on Hall's behalf.

* Retired Senior Judge assigned to the Superior Court.

Although the failure to comply with a Rule 1925(b) order may result in a finding of waiver, Rule 1925(c)(3) permits us to remand for filing of a Rule 1925(b) statement under certain circumstances. **See** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Presley**, 193 A.3d 436, 441 (Pa.Super. 2018). Rule 1925(c) provides that where an appellant in a criminal case fails to file a court-ordered concise statement, "such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3). The note to Rule 1925 explains that an attorney's complete "failure to file and serve a timely Statement is a failure to perfect the appeal, [and] it is presumptively prejudicial and 'clear' ineffectiveness." **Id.**, Note. We apply Rule 1925(c) not only on direct appeal, but also on appeal from the denial of first PCRA petition. **Presley**, 193 A.3d at 442.

Although the Supreme Court in **Commonwealth v. Hill**, 16 A.3d 484, 495 n.14 (Pa. 2011), "suggested that, because of the civil nature of PCRA proceedings, the remand procedure of subsection (c)(3) should not apply" to a PCRA appeal, the Supreme Court in **Hill** applied the previous version of Rule 1925, which did not include section (c)(3). **Presley**, 193 A.3d at 441. Therefore, the Supreme Court's statements in **Hill** to the effect that Rule 1925(c)(3) does not apply in the PCRA context were *dicta*. **Id.**

As Hall's counsel failed to file a Rule 1925(b) statement as ordered by the PCRA court, we are convinced that Hall's counsel was *per se* ineffective,

and, pursuant to Rule 1925(c)(3), we remand to PCRA court. Hall shall file a Rule 1925(b) statement *nunc pro tunc* in the PCRA court within 30 days of the date of this order, and the PCRA court shall transmit a supplemental record and Rule 1925(a) opinion within 30 days thereafter. ***See Commonwealth v. Scott***, 952 A.2d 1190, 1192 (Pa.Super. 2008).

Case remanded with instructions. Panel jurisdiction retained.