J-S47009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIRRELL ANDRE MOON | : | |
| | : | |
| Appellant | : | No. 1375 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002070-2017

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:           **FILED SEPTEMBER 12, 2019**

Appellant, Tirrell Andre Moon, appeals from the July 17, 2018 Judgment of Sentence entered in the Dauphin County Court of Common Pleas following his non-jury conviction of one count each of Possession of Firearm Prohibited, Firearms Not to be Carried Without a License, Resisting Arrest, Possession of Drug Paraphernalia, and two counts of Possession of a Controlled Substance.[1] After careful review, we affirm.

The relevant facts and procedural history are, briefly, as follows.  On May 8, 2018, the trial court convicted Appellant of the above crimes.  The court deferred sentencing pending a pre-sentence investigation.

_____

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 5104, and 35 P.S. §§ 780-113(a)(32) and 780-113(a)(16), respectively.

Following consideration of the Pre-Sentence Investigation Report and argument of counsel, the court sentenced Appellant to an aggregate term of four to eight years' incarceration,[2] and a consecutive term of five years' probation. Appellant did not file a Post-Sentence Motion.

Appellant timely appealed. On August 20, 2018, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement within 21 days. More than 21 days later, on October 11, 2018, Appellant, through Attorney Wendy J. F. Grella, filed an "Unopposed Motion for Extension of Time to file Statement of Matters Complained of Pursuant to Pa.R.A.P. 1925(b)." The trial court granted Appellant's Motion on October 15, 2018, and ordered Appellant to file a Rule 1925(b) Statement within 30 days. Appellant failed to file a Rule 1925(b) Statement within 30 days of October 15, 2018, and, instead, sought, and received, two more extensions of time.

On January 29, 2019, Attorney Grella filed an "Unopposed Motion to Withdraw as Counsel and Request for Extension of Time." On February 4, 2019, the court granted Attorney Grella's Motion to Withdraw as counsel and filed a Pa.R.A.P. 1925(a) Opinion. In its February 4, 2019 Rule 1925(a) Opinion, the court indicated it would not file a substantive Memorandum Opinion because Appellant's counsel had filed a Statement of Intention to file an ***Anders/McClendon*** Brief, in accordance with Pa.R.A.P. 1925(c)(4). This

---

[2] This is a mitigated range sentence.

Court's review of the record reveals that Attorney Grella filed neither a Rule 1925(b) nor a Rule 1925(c)(4) Statement.

On March 13, 2019, this Court vacated the trial court's February 4, 2019 Order granting Attorney Grella's Motion to Withdraw as the filing of the instant appeal had divested the trial court of jurisdiction. This Court further directed counsel to "comply with the procedural requirements of ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and their progeny by filing an application to withdraw accompanied by an ***Anders*** brief in this Court, providing copies of the same to Appellant, and advising Appellant of his rights pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005)." Order, 3/13/19. Counsel did not, however, file an ***Anders*** Brief. Instead, she filed an advocate's Brief, in which Appellant challenges the discretionary aspects of his sentence and raises a hybrid sufficiency and weight of the evidence claim. ***See*** Appellant's Brief at 5. For the following reasons we decline to reach the merits of Appellant's issues.

Pennsylvania Rule of Appellate Procedure 1925(c)(3) provides:

If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). In ***Commonwealth v. Scott***, this Court held that where the "[a]ppellant has completely failed to file a Rule 1925(b) statement as directed . . . counsel has been *per se* ineffective." ***Commonwealth v.***

*Scott*, 952 A.2d 1190, 1192 (Pa. Super. 2008). In *Scott*, this court remanded for preparation of a Rule 1925(b) Statement and a Rule 1925(a) Opinion because the trial court had not prepared a Rule 1925(a) Opinion. *Id.*

Here, appellate counsel disregarded the trial court's Orders directing her to file a concise statement pursuant to Pa.R.A.P. 1925, and, therefore, has been *per se* ineffective. Although the trial court filed a Rule 1925(a) Opinion, it did not address the issues that Appellant seeks to raise on appeal because appellate counsel failed to alert the trial court to the errors complained of on appeal. Therefore, we are constrained to remand to the trial court for counsel to file a Rule 1925(b) Statement *nunc pro tunc* within 30 days of this Order and for the trial court to file a responsive Rule 1925(a) Opinion within 30 days thereafter.

Case remanded. Jurisdiction retained.