J-A25026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CATHY RENEE BURROWS | : | No. 143 MDA 2019 |

Appeal from the Order Entered January 17, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001023-2018

BEFORE:  STABILE, J., McLAUGHLIN, J., and MUSMANNO, J.

JUDGMENT ORDER BY McLAUGHLIN, J.:          **FILED OCTOBER 25, 2019**

The Commonwealth has appealed from the order dismissing charges against Cathy Renee Burrows. However, it waived all issues on appeal by failing to file and serve a Pa.R.A.P. 1925(b) statement, after the trial court ordered it to do so. In an effort to avoid this result, the Commonwealth has moved for a remand to the trial court so that it may file a Rule 1925(b) statement *nunc pro tunc*. It cites in support Pa.R.A.P. 1925(c)(3). However, that subsection of the rule, by its terms, applies only to criminal defendants, not the prosecution. It permits a remand for the filing of a *nunc pro tunc* Rule 1925(b) statement where we conclude that defense counsel has been *per se* ineffective in failing to file a timely statement. ***See***, ***e.g.***, ***Commonwealth v. Scott***, 952 A.2d 1190, 1192-93 (Pa.Super. 2008) (remanding pursuant to Pa.R.A.P. 1925(c)(3) where trial court ordered defendant to file Rule 1925(b) statement and defense counsel failed to do so). We therefore deny the

Commonwealth's Motion For Remand to File Statement *Nunc Pro Tunc* and dismiss the appeal.

Motion for Remand denied. Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2019