J-S68032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN HAROLD RANDOLPH | : | |
| | : | |
| Appellant | : | No. 865 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 9, 2019
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001469-2017

BEFORE: GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY GANTMAN, P.J.E.: **FILED DECEMBER 19, 2019**

Appellant, Benjamin Harold Randolph, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his bench trial convictions for possession of a controlled substance, possession with the intent to deliver, possession of a small amount of marijuana, and possession of drug paraphernalia. The court sentenced Appellant on May 9, 2019, to an aggregate 6 to 12 years' imprisonment. On June 6, 2019, trial counsel filed a petition to withdraw. The next day, Appellant filed a *pro se* notice of appeal, while the court granted trial counsel's petition to withdraw and appointed new appellate counsel. On June 11, 2019, the court ordered new counsel to file a concise statement per Pa.R.A.P. 1925(b), within 21 days.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The docket entries confirm the court served its order on new counsel but, according to the certified record, counsel did not respond.

Preliminarily, Rule 1925(c)(3) allows the appellate Court to remand "for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge[,]" if the trial court ordered an appellant in a criminal case to file a Rule 1925(b) statement, none was filed, and counsel's failure to do so appears to be *per se* ineffectiveness. Pa.R.A.P. 1925(c)(3). This Court has held that counsel's complete failure to file a court-ordered Rule 1925(b) statement is *per se* ineffectiveness. ***Commonwealth v. Burton***, 973 A.2d 428 (Pa.Super. 2009) (*en banc*). Generally, when waiver occurs due to counsel's complete failure to file a Rule 1925(b) statement, remand is proper. ***Commonwealth v. Mitchell***, 986 A.2d 1241 (Pa.Super. 2009) (noting counsel's failure to file court-ordered Rule 1925(b) statement required remand for filing concise statement *nunc pro tunc*); ***Commonwealth v. Scott***, 952 A.2d 1190 (Pa.Super. 2008) (recognizing amendment to Rule 1925 relaxed automatic waiver rule in criminal cases, stating counsel's complete failure to file court-ordered Rule 1925(b) statement is presumptively prejudicial). Upon remand, counsel must file a concise statement *nunc pro tunc* within 30 days; thereafter, the court should prepare and file an opinion within 30 days. ***Id.***

Instantly, the record makes clear the court filed and served appellate counsel with a proper Rule 1925(b) order, but counsel did not respond. In its

opinion, the trial court deemed Appellant's issues waived for failure to comply with the court's directive. Counsel's complete failure to file a court-ordered Rule 1925(b) statement constitutes *per se* ineffectiveness. ***See Burton, supra***.

Additionally, counsel's brief does not provide any real analysis of law as applied to the facts of Appellant's case for either issue raised on appeal or any law to support one of the issues presented. Instead, the brief consists mainly of conclusory statements.

Under these circumstances, we remand this case for the appointment of new appellate counsel within **10 days** of the filing date of this judgment order. New counsel must promptly review the record, consult with Appellant about the issues he wants to raise on appeal, and file and serve a Rule 1925(b) statement *nunc pro tunc* within **30 days** of counsel's appointment. Upon proper filing and receipt of the concise statement *nunc pro tunc*, the trial court shall have **30 days** to prepare a supplemental opinion. After the court certifies its decision and returns the record to this Court, the Prothonotary shall establish a new briefing schedule and assign the appeal to the next available submit panel in the Western District. Accordingly, we remand the case with instructions.

Case remanded with instructions. Jurisdiction is retained.