J-S67024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZAKI JAMAR HOLMES | : | |
| | : | |
| Appellant | : | No. 822 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 1, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000131-2017

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:          **FILED: DECEMBER 26, 2019**

Appellant, Zaki Jamar Holmes, appeals from the March 1, 2018 Judgment of Sentence entered in the York County Court of Common Pleas following his conviction of one count each of Robbery, Person Not to Possess a Firearm, Terroristic Threats, Simple Assault – Physical Menace, and Theft by Unlawful Taking.[1]  After careful review, we remand for further proceedings.

The relevant facts and procedural history are, briefly, as follows. On January 3, 2018, a jury convicted Appellant of the above crimes.  The court deferred sentencing pending a pre-sentence investigation ("PSI") report.

Following consideration of the PSI Report and argument of counsel, the court sentenced Appellant to a standard range sentence of eight to sixteen

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(iii), 6105(a)(1), 2706(a)(1), 2701(a)(3) and 3921(a), respectively.

years' incarceration. Appellant filed a Post-Sentence Motion, which the court denied.

Appellant timely appealed. However, his appeal was ultimately quashed because of his failure to comply with Pa.R.A.P. 3517. Appellant then filed a Petition for Post-Conviction Collateral Relief, and on April 22, 2019, the trial court reinstated his appeal rights *nunc pro tunc*.

Appellant filed a Notice of Appeal on May 17, 2019. On May 21, 2019, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement within 21 days. Appellant did not file a Rule 1925(b) Statement.

On June 27, 2019, the court filed a Pa.R.A.P. 1925(a) Opinion. In its Opinion, the court indicated that Appellant failed to file a Pa.R.A.P. 1925(b) Statement and requested that this Court find Appellant's counsel ineffective *per se* and remand the appeal. Trial Ct. Op., dated 6/27/19, at 4. We agree.

Pennsylvania Rule of Appellate Procedure 1925(c)(3) provides:

> If an appellant in a criminal case was ordered to file a [Rule 1925(b)] Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). In **Commonwealth v. Scott**, 952 A.2d 1190 (Pa. Super. 2008), this Court held that where the "[a]ppellant has completely failed to file a Rule 1925(b) statement as directed . . . counsel has been *per se* ineffective." **Id.** at 1192. In **Scott**, this court remanded for preparation of a

Rule 1925(b) Statement and a Rule 1925(a) Opinion because the trial court had not prepared a Rule 1925(a) Opinion. ***Id.***

Here, Appellant's counsel disregarded the trial court's Order directing him to file a concise statement pursuant to Pa.R.A.P. 1925, and, therefore, rendered *per se* ineffective assistance of counsel. The trial court's Rule 1925(a) Opinion does not address the issue that Appellant seeks to raise on appeal because counsel failed to alert the trial court to the errors complained of on appeal.

Therefore, we are constrained to remand to the trial court for counsel to file a Rule 1925(b) Statement *nunc pro tunc* within 30 days of this Order and for the trial court to file a responsive Rule 1925(a) Opinion within 45 days thereafter. The Prothonotary of this Court shall thereafter set a briefing schedule for the filing of supplemental briefs.

Case remanded. Jurisdiction retained.