J-S46024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAROL H. HENRY | : | |
| | : | |
| Appellant | : | No. 2193 EDA 2017 |

Appeal from the PCRA Order June 29, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002114-2013

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 06, 2018**

Appellant, Carol H. Henry, appeals *pro se* from the order denying her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts of the crime and procedural history as follows:

> Appellant, Carol Henry, was arrested at or near 7:30 p.m. the evening of Halloween, October 31, 2012, in the aftermath of a fatal multi-vehicle crash along 7th Street just west of Sproul Street before the intersection with Barclay Street, a residential street in Chester, Delaware County, Pennsylvania.
>
> The Appellant had been consuming alcohol at Diane's bar in Chester just before her ride home on the evening of October 31, 2012 along 7th Street through the intersection with Barclay Street towards Sproul Street.  The Appellant[] first side swiped a vehicle at a red light.  The Appellant continued to drive along 7th Street into the oncoming lanes and caus[e] a second collision.  The Appellant then brought her vehicle to a stop but instead of exchanging information as required by law accelerated at a high

rate of speed in an attempt to flee. In her flight she reached speeds in excess of 70 miles an hour.[1] As Appellant fled along 7th toward Sproul she crossed into the opposing lane of travel and crashed head-on with a mini-van operated by Arnette Rice who later died from her crash-related injuries. This impact was so violent and forceful the mini-van was turned sideways and driven into and through the vehicle that was directly behind it on 7th. (N.T. 3/18/14, pp. 38-86).

> [1] The posted speed limit along 7th Street is 25 miles per hour. There was testimony that a church Halloween celebration had been dispersing with parents and children crossing 7th street to their parked cars dispersing from the event at the time of these collisions.

On March 26, 2013, Appellant, Carol Henry, waived her Preliminary Hearing on over forty (40) criminal charges variously including Murder of the Third Degree, Homicide by Vehicle while Driving under the Influence, Aggravated Assault and Homicide by Vehicle, Driving Under the Influence and Recklessly Endangering Another Person.

After a three (3) day Bench Trial[2] which was conducted between March 18, 2014 and March 20, 2014, the Appellant was convicted of Murder of the Third Degree, 18 [Pa.C.S.] § 2502[(c)], Homicide by Vehicle While Driving under the Influence, 75 [Pa.C.S.] § 3735[(A)], Aggravated Assault by Vehicle While Driving under the Influence, 75 [Pa.C.S.] § 3735.1[(a)], Homicide by Vehicle, 75 [Pa.C.S.] § 3732[(a)] and Accidents involving Death or Personal Injury, 75 [Pa.C.S.] § 3742[(a)], DUI Highest Rate, 75 [Pa.C.S.] § 3802[(c)] and DUI Gen. Impairment 75 § 3[802(a)].

> [2] Appellant knowingly, voluntarily and intelligently waived [her] right to a Jury Trial on March 18, 2014 and elected to proceed with a Bench Trial. (N.T. 3/18/14, pp. 4-8).

On May 30, 2014 the Appellant, Carol Henry, was sentenced as follows: Murder in the 3rd Degree, 108 months to 216 months incarceration SCI; Homicide by Vehicle DUI related, 36 months to 72 months incarceration concurrent confinement to count 1; Homicide by Vehicle, 12 months [to] 24 months concurrent to

prior counts; Accidents involving Death or Serious Personal Injury, 60 months' probation concurrent supervision to prior counts.

Appellant filed no direct appeal; however, on September 4, 2014 the Appellant filed a *pro se* Post-Conviction Collateral Relief Petition. The Appellant's court-appointed counsel filed a ***Turner/Finley***[1] "no merit" letter on December 21, 2015.

On May [2]4, 2017 the Trial Court filed its Notice of Intent to Dismiss the Appellant's PCRA Petition. On June 16, 2017 the Appellant filed a Notice of Appeal[2] to the dismissal of her PCRA petition[3] and on July 5, 2017 the Appellant was ordered to file a Concise Statement of Matters Complained of on Appeal from the denial of her PCRA petition.

The record and review of the dockets demonstrate the Appellant did not comply with that July 5, 2017 Order and has not filed any Concise Statement of Matters Complained of on Appeal in accordance with Pa.R.A.P. 1925 (b).

PCRA Court Opinion, 4/9/18, at 1–3 (unnecessary emphases omitted).

Appellant raises the following issues on appeal:

1) WHY WASN'T THE 203 BLOOD ALCOHOL ARGUED?

2) HOW DO WE KNOW THIS IS THE CORRECT ALC. LEVEL?

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] As noted, Appellant filed her notice of appeal on June 16, 2017, which was subsequent to the PCRA court's May 24, 2017 notice of intention to dismiss the petition pursuant to Pa.R.Crim.P. 907(1). The PCRA petition was dismissed on June 29, 2017. Pursuant to Pa.R.A.P. 905(a), "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Thus, our appellate rules direct that we may treat the notice of appeal in the instant case as having been filed on June 29, 2017.

[3] The June 29, 2017 order dismissing the PCRA petition also granted PCRA counsel's request to withdraw.

3) WHY WAS THE KIT LEFT IN THE ER, ON 10-31-2012?

4) WHY WAS THERE UNVAILABLE NURSES ON 10-31-2012?

5) WHY WAS THERE SHORT OF STAFF'S ON 10-31-2012?

6) WHY WERE THERE MULTIPLE SOURCES HAVING CUSTODY ON THE EVIDENCE?

7) WHY WAS THE EVIDENCE DESTROYED TEN DAYS LATER AFTER THE BLOOD WAS TESTED?

WAS ANY OF THESE ISSUES INVESTIGATED BY THE LOWER COURT, OR CHALLENGED?

Appellant's Brief, Statement of Questions Involved, unnumbered (*verbatim*).

When reviewing the propriety of an order denying PCRA relief, we consider the record in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015); **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we address Appellant's failure to file the court-ordered Pa.R.A.P. 1925(b) statement. Rule 1925(b)(4)(vii) directs that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions

of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(vii). In *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), our Supreme Court established the bright-line rule that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Id*. at 309; *see also Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (Pa.R.A.P. 1925 "obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered."). Furthermore, "the courts lack the authority to countenance deviations from the Rule's terms; [and] the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement[.]" *Hill*, 16 A.3d at 494.

On July 5, 2017, the PCRA court entered the following order, in pertinent part:

> 1. Pursuant to Pennsylvania Rules of Appellate Procedure, Rule 1925(b), the Appellant shall provide to this [c]ourt [a] Concise Statement of Errors Complained of on . . . Appeal no later than twenty-one (21) days after the date of this Order. This Statement must be served upon the court pursuant to 1925(b)(1) and must also be filed of record.

> 2. The Statement shall concisely identify each ruling or error that the Appellant intends to challenge with sufficient details to identify all pertinent issues for judicial review. . . .

> 3. Any issue not properly included in the Statement timely filed and served in compliance with this Order and Pa.R.A.P. 1925(b) shall be deemed waived.

4. Within five (5) days of this Order, the Appellant shall provide to this [c]ourt a proposed Order requesting any additional transcripts of any pertinent hearings held in this matter.

Order, 7/5/17. The order was sent to Appellant *via* first class mail at SCI Cambridge Springs, and it is properly noted on the docket. By letter dated July 10, 2017, and docketed on July 17, 2017, Appellant responded, requesting transcripts and offering a proposed order in compliance with the July 5, 2017 order. She never filed a Pa.R.A.P. 1925(b) statement. The PCRA court found that Appellant waived all issues by her failure to comply with its July 5, 2017 order. PCRA Court Opinion, 4/9/18, at 4. We similarly conclude that Appellant waived all issues raised in this appeal by her failure to file the court-ordered Pa.R.A.P. 1925(b) statement. *Lord*, 719 A.2d at 309.

Moreover, we note that Pa.R.A.P. 1925(c)(3) is not applicable in this matter. Subsection (c)(3) directs us to remand for the filing of a statement *nunc pro tunc* if we are convinced that **counsel** has been *per se* ineffective. *See Commonwealth v. Scott*, 952 A.2d 1190 (Pa. Super. 2008) (holding that counsel's failure to file Rule 1925(b) statement constitutes *per se* ineffectiveness requiring a remand). However, because she is *pro se*, Appellant cannot assert her own ineffectiveness. *Accord Commonwealth v. Fletcher*, 986 A.2d 759, 773 (Pa. 2009) ("The law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness"); *Commonwealth v. Bryant*, 855 A.2d 726, 737 (Pa. 2004) (*pro se* defendant "may not rely upon his own lack of expertise as a ground for relief.").

Accordingly, as the PCRA court concluded, Appellant's failure to file a Rule 1925(b) statement waives all claims.  *See* Pa.R.A.P. 1925(b)(4)(vii) (Issues not included in the Rule 1925(b) statement or not raised in accordance with the provisions of this paragraph (b)(4) are waived).  *Cf*. *Commonwealth v. Oliver*, 128 A.3d 1275, 1279 (Pa. Super. 2015) (PCRA petitioner's failure to file Rule 1925(b) statement, where PCRA counsel was permitted to withdraw in PCRA court, permitted Superior Court to find that the petitioner waived all issues; however, due to irregularities in the substance and timing of the PCRA court's treatment of counsel's *Turner*/*Finley* letter and lack of notice to the petitioner, Superior Court declined to apply waiver "in the very limited and narrow circumstances of [the] case.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/6/18