J-S53034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                 :              PENNSYLVANIA

             Appellee      :

                        :

           v.             :

                        :

TYUAN SIMON             :

                        :

           Appellant      :         No. 3204 EDA 2017

Appeal from the PCRA Order September 12, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0007840-2012

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:           **FILED OCTOBER 03, 2018**

Appellant, Tyuan Simon, appeals from the order entered in the Montgomery County Court of Common Pleas, which denied Appellant's first petition brought under the Post Conviction Relief Act ("PCRA").[1]  For the following reasons, we remand for further proceedings.

The relevant facts and procedural history of this case are as follows. During a grand jury hearing on July 18, 2012, Christopher Carbone testified another prison inmate had told Mr. Carbone that Appellant had hired the inmate to kill Victim.  Subsequently, the Commonwealth charged Appellant with first-degree murder and related offenses arising out of the shooting death of Victim.  Appellant proceeded to a multi-day jury trial on June 24, 2013.  At

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*   Retired Senior Judge assigned to the Superior Court.

trial, Mr. Carbone recanted his grand jury testimony, indicating, *inter alia*: (i) his attorney had coerced him to testify at the grand jury hearing, because he led Mr. Carbone to believe the Commonwealth would pursue a lesser sentence against Mr. Carbone in his pending criminal case if he testified; and (ii) after the grand jury hearing, someone had threatened to harm Mr. Carbone and his family if he testified against Appellant at trial. On June 27, 2013, a jury convicted Appellant of first-degree murder, solicitation to commit murder, and conspiracy to commit murder. The court sentenced Appellant on September 20, 2013, to life without the opportunity of parole ("LWOP"). This Court affirmed the judgment of sentence on December 12, 2014, and our Supreme Court denied allowance of appeal on May 13, 2015. **See Commonwealth v. Simon**, 116 A.3d 686 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 632 Pa. 662, 116 A.3d 604 (2015).

On May 3, 2016, Appellant timely filed his first and current *pro se* PCRA petition. Appellant subsequently retained PCRA counsel. Appellant filed an amended PCRA petition on May 4, 2017, and a supplemental PCRA petition on July 25, 2017, in which Appellant raised claims of ineffective assistance of trial and appellate counsel. On August 7, 2017, the PCRA court issued Rule 907 notice. On August 17, 2017, Appellant filed a "Motion to Continue," requesting the court to allow Appellant additional time to obtain an affidavit from Mr. Carbone recanting his trial testimony. The court denied Appellant's motion on August 18, 2017. The court, however, allowed Appellant to present an after-

discovered evidence claim in his response to the Rule 907 notice and extended the time for filing a Rule 907 notice response. On September 11, 2017, Appellant filed a response to Rule 907 notice. In the September 11th filing, Appellant alleged Mr. Carbone recanted his trial testimony that he had been threatened or coerced to retract his grand jury testimony. Appellant appended to his September 11th filing an affidavit of Mr. Carbone, recanting his trial testimony. On September 13, 2017, the PCRA court dismissed Appellant's PCRA petition.

On September 29, 2017, Appellant timely filed a *pro se* notice of appeal and request for counsel. The PCRA court appointed current counsel on October 30, 2017. The PCRA court ordered Appellant on November 2, 2017, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant failed to comply. Nevertheless, the PCRA court issued a Rule 1925(a) opinion on December 1, 2017. On December 8, 2017, counsel sent to the PCRA court a letter explaining he did not file a Rule 1925(b) statement on behalf of Appellant, because counsel believed he had a potential conflict of interest in representing Appellant. The PCRA court issued a supplemental Rule 1925(a) opinion on December 12, 2017, suggesting that this Court remand for appointment of new counsel, whom the PCRA court shall order to file a compliant Rule 1925(b) statement.

Appellant raises the following issues for our review:

> WHETHER APPELLANT'S PCRA APPEAL SHOULD BE REMANDED TO THE [PCRA] COURT PURSUANT TO PA.R.A.P.

1925(C) TO PERMIT NEW COUNSEL TO FILE A STATEMENT OF MATTERS COMPLAINED OF ON APPEAL[?]

WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE PROSECUTION'S USE OF UNSUBSTANTIATED CLAIMS OF WITNESS INTIMIDATION BY APPELLANT[?]

WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO OR PLACE ON THE RECORD THAT THE COMMONWEALTH USED ITS PEREMPTORY JURY STRIKES IN A RACIALLY DISCRIMINATORY MANNER[?]

WHETHER APPELLANT'S [DIRECT APPEAL] COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY SPECIFY WHAT ELEMENTS OF THE OFFENSE HAD NOT BEEN MET IN THE [RULE] 1925(B) STATEMENT OF ERRORS[?]

WHETHER APPELLANT IS ENTITLED TO A NEW TRIAL BASED UPON DUE PROCESS VIOLATIONS WHEN AFTER DISCOVERED EXCULPATORY EVIDENCE WHICH WAS UNAVAILABLE AT THE TIME OF TRIAL[?]

(Appellant's Brief at 4).

As a prefatory matter, we observe the failure to file a court-ordered Rule 1925(b) statement generally constitutes a waiver of all issues. **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998). "[T]o preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (citing **Lord, supra** at 420, 719 A.2d at 309).

Our Supreme Court revised Rule 1925 to provide a remedy when a

criminal appellant's counsel fails to file a court-ordered Rule 1925(b) statement.[2]  **See** Pa.R.A.P. 1925(c)(3); **Commonwealth v. McBride**, 957 A.2d 752, 755 (Pa.Super. 2008).  Rule 1925(c)(3) allows the appellate Court to remand "for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge," if the court ordered an appellant in a criminal case to file a Rule 1925(b) statement, appellant failed to do so, and the appellate court is convinced that counsel has been *per se* ineffective. Pa.R.A.P. 1925(c)(3).  **See also Commonwealth v. Presley**, ___ A.3d ___, 2018 PA Super 207, 23-24 (filed July 17, 2018) (providing Rule 1925(c)(3) applies in context of appeal from denial of timely first PCRA petition).

Interpreting the revised Rule 1925(c)(3), this Court has held that counsel's failure to file a court-ordered Rule 1925(b) statement is *per se* ineffectiveness.  **Commonwealth v. Burton**, 973 A.2d 428, 431-32 (Pa.Super. 2009) (*en banc*).  Generally, when waiver occurs due to counsel's complete failure to file a Rule 1925(b) statement, remand is proper. **Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.4 (Pa.Super. 2009) (noting counsel's failure to file court-ordered Rule 1925(b) statement required remand for filing of concise statement *nunc pro tunc* under revised Rule 1925(c)(3)); **Commonwealth v. Scott**, 952 A.2d 1190, 1192 (Pa.Super. 2008) (recognizing recent amendment to Rule 1925 relaxed strict application

---

[2] Rule 1925 was amended on May 10, 2007, and again on January 13, 2009.

of **Lord** and stating, "pursuant to the amended version of Rule 1925, the complete failure by counsel to file a Rule 1925(b) statement, as ordered, is presumptively prejudicial and clear ineffectiveness"). **But see Burton, supra** at 433 (stating this Court may review appeal and not remand for filing of concise statement where trial court addressed in opinion issues appellant raises on appeal). Upon remand, counsel must file a Rule 1925(b) statement *nunc pro tunc*; thereafter, the trial court should prepare an opinion, file it, and forward it to this Court within 30 days. **Scott, supra** at 1192-93.

Instantly, on November 2, 2017, the PCRA court ordered a Rule 1925(b) statement. Appellant's counsel, however, did not file a Rule 1925(b) statement, due to a concern that he has a conflict of interest in representing Appellant. Absent more, counsel's omission constituted *per se* ineffectiveness. **See Burton, supra**. Despite counsel's failure to file Rule 1925(b) statement, the PCRA court issued a Rule 1925(a) opinion. In its opinion, the PCRA court suggests it mistakenly treated Appellant's response to the Rule 907 notice as a supplemental PCRA petition filed without leave of court. The PCRA court also does not address in its opinion any appellate issue Appellant raised including his claim for a new trial based on after-discovered evidence, which he first presented in his response to Rule 907 notice and now attempts to present as his fifth issue on appeal. **See id.**

Accordingly, in concert with the PCRA court's recommendation, we remand this case with the following instructions. First, the PCRA court shall

not reject Appellant's September 11, 2017 filing as a supplemental PCRA petition **filed without leave of court**. The record demonstrates Appellant's September 11th filing is his response to Rule 907 notice, which the court expressly permitted, and is compliant with the court's August 18, 2017 order. Second, within ten (10) days of the filing date of this decision, the PCRA court shall appoint new counsel to assist Appellant and order counsel to file a Rule 1925(b) statement. New counsel must promptly review the record and file and serve the PCRA court with a proper Rule 1925(b) statement within the time the court allows. Upon receipt of the Rule 1925(b) statement, the PCRA court shall have thirty (30) days to prepare an opinion in response to that statement, pursuant to Rule 1925(a), and transmit the certified record to this Court along with all of the new documents certified as part of that record.

Case remanded with instructions. Jurisdiction is retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/18