J-S59029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                             :             PENNSYLVANIA
                             :
           v.                   :
                             :
                             :
AHMED F. GAD                 :
                             :
            Appellant          :      No. 1053 EDA 2018

Appeal from the Judgment of Sentence March 2, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003404-2017

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:          **FILED NOVEMBER 06, 2018**

Ahmed F. Gad appeals from the judgment of sentence, entered in the Court of Common Pleas of Northampton County, following his convictions of perjury,[1] solicitation to commit perjury,[2] and intimidation of a witness.[3]  After careful review, we remand for further proceedings.

The facts underlying this case arise from Gad's jury trial conviction for simple assault, in which the Honorable Paula A. Roscioli also convicted Gad of the summary offense of harassment.[4]  Thereafter, Judge Roscioli sentenced Gad "to the maximum jail sentences on both the simple assault and the

---

[1] 18 Pa.C.S.A. § 4902.

[2] 18 Pa.C.S.A. § 902.

[3] 18 Pa.C.S.A. § 4952.

[4] 18 Pa.C.S.A. § 2709.

summary charge." Omnibus Pretrial Motion, 1/12/18. Due to Gad's actions during his simple assault trial, the Commonwealth subsequently charged him with perjury, solicitation to commit perjury, and intimidation of a witness or victim. Gad filed an omnibus pretrial motion in that case on January 12, 2018, which included a request that Judge Roscioli recuse herself.

Gad argued that recusal was warranted because Judge Roscioli "presided over the original trial of [] Gad" and "found [Gad] guilty of a summary charge[,]" and "sentenced [Gad] to the maximum jail sentences on both the simple assault and the summary charge and totally ignored the sentencing guidelines." Motion for Recusal, 1/12/18. Gad also stated that Judge Roscioli "has [it] against him for reasons he does not understand." Omnibus Pretrial Motion, 1/12/18. In denying Gad's motion for recusal, Judge Roscioli determined that she was "fully confident that her familiarity with the evidence that was presented in the [simple assault] case will in no way [a]ffect the conduct of the [perjury] trial, and that the trial will proceed in a manner that is objectively fair and impartial to both the Commonwealth and [Gad]." Order Denying Motion for Recusal, 2/22/18, at 7. Accordingly, we do not address the issue of recusal here due to our disposition of that motion.

On February 27, 2018, a jury found Gad guilty of perjury, solicitation to commit perjury, and intimidation of a witness or victim. On March 2, 2018, Judge Roscioli sentenced Gad to 12 to 24 months' incarceration for the perjury count; 12 to 24 months' incarceration for the solicitation to commit perjury to run consecutively to the charge of simple assault; and 16 to 60 months'

incarceration to run consecutively to the sentence for perjury; thus Gad received an aggregate term of incarceration of 40 to 108 months. In addition to incarceration, the trial court ordered Gad to pay prosecution costs and a $1,000.00 fine to the domestic violence unit on each charge.

On March 12, 2018, Gad filed a motion for reconsideration of sentence, which the trial court denied; however, the trial court did not attach an opinion explaining its reasoning for the denial. On March 23, 2018, Gad filed a timely notice of appeal. On March 28, 2018, the trial court ordered Gad to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. On April 25, 2018, the trial court filed its Rule 1925(a) opinion stating that Gad "failed to file a concise statement of [errors] complained of on appeal as directed, and consequently, the court was unable to further respond to [Gad]'s notice of appeal." Thus, the trial court did not opine as to the issues raised on appeal. Trial Court Opinion, 4/25/18. Thereafter, on May 17, 2018, Gad filed an untimely Rule 1925(b) statement. Instantly, Gad raises the following issues for our review:

> (1) Did the court err in sentencing [Gad] to an aggregate sentence of 3 years, 4 months to 9 years, a sentence well above the sentencing guidelines?
>
> (2) Should the Honorable Paula A. Rosciolo, [j]udge of the Court of Common Pleas of Northampton County, have recused herself as she had sentenced [Gad] in an earlier case of simple assault to the maximum sentence and had expressed an animosity toward him?

Brief of Appellant, at 5.

Before addressing the merits of Gad's claims, we must determine whether Gad has preserved his issues on appeal where he did not file a timely 1925(b) statement. The Commonwealth asserts that the trial court addressed the recusal issue in its opinion denying Gad's recusal motion. While this may be true, the proper procedure when an appellant files an untimely Rule 1925(b) statement is for the case to be remanded to the trial court to address all the issues raised in the Rule 1925(b) statement. **Commonwealth v. Thompson**, 39 A.3d 335 (Pa. Super. 2012).

In **Thompson**, appellant filed an untimely Rule 1925(b) statement. In addressing whether appellant had preserved her issues on appeal, this Court recognized that "a failure to file a Rule 1925(b) statement within 14 days after entry of an order requesting the statement, regardless of the length of the delay, results in automatic waiver." **Id.** at 338, citing **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (*aff'd by* **Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005)). However, our Supreme Court amended Rule 1925 in 2007 to extend the time-period to 21 days and to allow for a remedy for failure to file a timely Rule 1925(b) statement. Subsection 1925(c)(3) provides:

> If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall

remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.[5]

Pa.R.A.P. 1925(c)(3).

Additionally, the failure to file a Rule 1925(b) concise statement is *per se* ineffectiveness because "it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." **Commonwealth v. Burton**, 973 A.2d 428, 432 (Pa. Super. 2009) (citing **Commonwealth v. Scott**, 952 A.2d 1190, 1192 (Pa. Super. 2008)). For the same reasons, an untimely Rule 1925(b) statement is *per se* ineffectiveness. **Id.** at 432-33.

Thus, this Court in **Thompson** found that because appellant's Rule 1925(b) statement was untimely, her counsel was *per se* ineffective and she was entitled to a remand for the trial court to file a Rule 1925(a) opinion addressing the issues raised in her Rule 1925(b) statement.[6] Similarly, here, because Gad's counsel failed to file a timely Rule 1925(b) statement, counsel

---

[5] Prior to this amendment, an appeal was quashed if appellant's Rule 1925(b) statement was not timely filed. Official note to subsection (c)(3).

[6] The **Thompson** Court also noted, "When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented. However, the trial court's 1925(a) opinion in the present case did not address [Appellant's] issues, as Appellant had not yet filed a 1925(b) statement." 39 A.3d at 340. The same is the case here – the court filed its Rule 1925(a) statement before Gad had filed his untimely Rule 1925(b) statement and thus had not addressed the issues Gad raised in that Rule 1925(b) statement.

was *per se* ineffective, and, thus, Gad is entitled to remand for the trial court to file a Rule 1925(a) opinion addressing the issues raised in his Rule 1925(b) statement,[7] within thirty (30) days of the filing of this Memorandum.

Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/18

---

[7] Additionally, on remand the trial court must address its denial of Gad's recusal motion. In Judge Roscioli's opinion, she justified the aggravated sentence for the harassment charge, stating:

> [Gad]'s anger problem, the fact that Gad] showed no remorse for his conduct, the fact that that case represented only the latest in a series of domestic violence incidents over many years, **the fact that [Gad] manipulated the victim into not coming forward to testify at trial, the fact that [Gad] attempted to manipulate the victim into coming forward to lie to the Court at the time of sentencing**, and the Court's conclusion that a lesser sentence would depreciate the seriousness of [] [Gad]'s conduct.

Order Denying Motion for Recusal, 2/22/18, at 7 (emphasis added). These justifications closely resemble justifications a finder of fact would use for charges of intimidation of a witness and solicitation to commit perjury. From the language Judge Roscioli put on the record to justify Gad's aggravated sentence, it is unclear whether she had a preconceived notion that Gad was guilty of solicitation to commit perjury and intimidation of a witness before he was tried for these charges. Additionally, her rationale fails to address the recusal issue raised by Gad in his 1925(b) statement.