J-A05014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALAN ORTIZ | : | |
| | : | |
| Appellant | : | No. 777 MDA 2021 |

Appeal from the PCRA Order Entered June 7, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005948-2014

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.: **FILED: JUNE 3, 2022**

Appellant, Alan Ortiz, appeals *pro se* from the order entered June 7, 2021, which denied his petition filed under the Post-Conviction Relief Act ("PCRA").[1] We affirm.

Appellant's underlying convictions stem from a November 14, 2014 incident wherein Appellant aimed and discharged his firearm toward three police officers as he fled from those officers. *See Commonwealth v. Ortiz*, 2017 WL 2972809, *1 (Pa. Super. 2017) (unpublished memorandum). The Commonwealth charged Appellant with the following crimes: criminal attempt to commit criminal homicide; three counts of assault of law enforcement officer; six counts of aggravated assault; persons not to possess, use,

---

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

manufacture, control, sell, or transfer firearms; firearms not to be carried without a license; possessing instruments of crime; and recklessly endangering another person.[2]  *See* PCRA Court Opinion, 8/23/21, at 1. Appellant proceeded to a jury trial, at which time the Commonwealth withdrew both firearms charges.  *Id.*  On July 21, 2016, the jury found Appellant not guilty of criminal attempt to commit criminal homicide and guilty of the remaining charges.  *Id.*  On August 8, 2016, the trial court sentenced Appellant to serve an aggregate term of 60 to 120 years' imprisonment[3] with credit for time served.  *Id.* at 1-2.  This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal on March 12, 2018.  *See Commonwealth v. Ortiz*, 2017 WL 2972809 (Pa. Super. 2017), *appeal denied* 182 A.3d 442 (Pa. 2018).

On April 16, 2018, Appellant filed a timely *pro se* PCRA petition, his first. The PCRA court appointed counsel to represent Appellant, who filed an

_____

[2] 18 Pa.C.S.A. §§ 901(a) (criminal attempt), 2501(a) (criminal homicide), 2702.1(a) (assault upon law enforcement officer - three counts), 2702(a)(2) (attempt or cause serious bodily injury upon enumerated persons - three counts), 2702(a)(4) (attempt or cause bodily injury upon another with deadly weapon - three counts), 6105(a)(1) (person not to possess firearms), 6106(a)(1) (firearms not to be possessed without a license), 907(a) (possession of an instrument of crime), and 2705 (reckless endangerment of persons), respectively.

[3] Appellant's convictions for three counts of assault of a law enforcement officer under § 2702.1(a) each carried a mandatory minimum sentence of not less than 20 years.  *See* 18 Pa.C.S.A. § 9719.1(a).  The trial court imposed these mandatory sentences consecutively, for an aggregate sentence of 60 to 120 years' imprisonment.

amended PCRA petition on December 3, 2020. Within the amended petition, Appellant argued that trial counsel was ineffective for erroneously advising Appellant to waive his right to testify at trial on the basis that he would be impeached with his prior criminal record.[4] **See** Amended PCRA Petition, 12/3/20, at 3. After a March 25, 2021 evidentiary hearing wherein Appellant and trial counsel testified, the PCRA court denied Appellant's PCRA petition on June 7, 2021. **See** PCRA Court Opinion, 6/7/21. This appeal followed.[5]

Appellant raises the following issues on appeal:

1. Whether the [PCRA] court erred in denying Appellant's PCRA petition for a claim of ineffective assistance of counsel where trial counsel erroneously advised Appellant of the possible consequences of testifying at trial, specifically that if Appellant took the stand, he would be impeached with his prior criminal record consisting of simple assault and terroristic threats, thereby denying Appellant his right to testify on his own behalf, and where,

---

[4] The amended PCRA petition also included a claim of ineffective assistance of direct appeal counsel, but PCRA counsel withdrew this claim. **See** PCRA Court Opinion, 8/23/21, at 2; **see also** N.T. PCRA Hearing, 3/25/21, at 3.

[5] Appellant filed a *pro se* notice of appeal on June 17, 2021, and requested to proceed *pro se* on appeal. **See** PCRA Court Opinion, 8/23/21, at 2. Prior to conducting a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Both Appellant and PCRA counsel filed concise statements. Thereafter, the PCRA court conducted a **Grazier** hearing on August 2, 2021 and granted Appellant's request to proceed *pro se*. On August 23, 2021, the PCRA court entered a statement in lieu of opinion wherein it addressed Appellant's *pro se* concise statement, which Appellant submitted while PCRA counsel remained attached to this case. In its statement, the PCRA court essentially adopted the reasoning of its June 7, 2021 opinion. **See** PCRA Court Opinion, 8/23/21, at 3-4.

Appellant established that but for counsel's patently incorrect advice, Appellant would have testified at trial?

2. Should [PCRA counsel] be [considered] ineffective and Appellant's PCRA rights reinstated because she neglected and failed to raise numerous issues [presented] in the original PCRA petition, along with subsequent issues presented to her through correspondence that[] were [meritorious] and, if raised, could have changed the [PCRA] court's determination of dismissal?

3. Whether the [PCRA] court erred in [rejecting Appellant's *pro se* concise statement which Appellant filed after his **Grazier** hearing and after the PCRA court granted his request to proceed as his own counsel]?

Appellant's Brief at 3 (extraneous capitalization omitted).[6]

Our standard of review for challenges to the denial and dismissal of petitions filed pursuant to the PCRA is well-settled.

We must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, [an appellate c]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the

_____

[6] Appellant also raised an issue asserting that his sentence was manifestly excessive. As a freestanding contention, or one which has not been paired with a claim alleging ineffective assistance of trial counsel, this issue is not properly before us. Generally, standalone challenges to the discretionary aspects of sentencing are not cognizable under the PCRA. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007). Moreover, Appellant previously litigated this issue in his direct appeal. **See** 42 Pa.C.S.A. § 9543(a)(3) (eligibility for relief conditioned, among other things, on fact that allegation of error has not been previously litigated); **Ortiz**, 2017 WL 2972809, at *5. Finally, Appellant failed to raise this issue before the PCRA court. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Therefore, we will not review Appellant's discretionary aspects of sentencing claim.

petitioner has the burden of persuading th[e appellate c]ourt that the PCRA court erred and that such error requires relief. Finally, th[e appellate c]ourt may affirm a valid judgment or order for any reason appearing of record.

***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Appellant's first claims that trial counsel was ineffective for erroneously advising Appellant not to testify at his jury trial. Appellant's Brief at 12. We recently explained:

> Counsel is presumed to have rendered effective assistance. To establish a claim of ineffective assistance of counsel, a [petitioner] must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the [petitioner] to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> *             *             *
>
> The decision of whether or not to testify on one's own behalf is ultimately to be made by the [defendant/petitioner] after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.
>
> The appropriate standard for assessing whether a [petitioner] was prejudiced by trial counsel's ineffectiveness regarding the waiver of his right to testify is whether the result of the **waiver proceeding** would have been different absent counsel's ineffectiveness, not whether the outcome of the trial itself would have been more favorable had the defendant taken the stand.

- 5 -

*Commonwealth v. Washington*, 269 A.3d 1255, 1263-1264 (Pa. Super. 2022) (*en banc*) (emphasis in original) (citations and quotations omitted; paragraphing edited).

Appellant argues that trial counsel provided ineffective assistance "by erroneously advising [Appellant] that i[f] he took the stand, he would be impeached with his prior criminal record, which included charges of simple assault and terroristic threats." Appellant's Brief at 12. Appellant contends this advice was unreasonable because prior convictions may only be used to impeach credibility if such convictions involve dishonesty or false statement. *Id.* Appellant further asserts that trial counsel's advice was unreasonable because "Appellant could have easily taken the stand and utilized his Fifth Amendment [privilege] against self-incrimination to circumvent any questions presented to him by the Commonwealth related to prior criminal charges." *Id.* at 17.

The PCRA court determined that Appellant waived his right to testify at trial based on the advice of trial counsel. *See* PCRA Court Opinion, 6/7/21, at 8. The PCRA court credited trial counsel's testimony regarding his advice not to testify:

> At the PCRA hearing, [trial counsel] testified that he advised [Appellant] not to take the stand in his defense. [Counsel testified] that he was concerned that the jury could have learned about [Appellant's] prior record and/or outstanding warrant which would have established a motive for [Appellant] to run and/or shoot at the police. In the absence of this information, [trial counsel] believed the Commonwealth would be unable to establish a motive for Appellant's actions.

- 6 -

***Id.*** The PCRA court concluded trial counsel's advice was well-founded and part of a reasonable trial strategy. ***Id.***

Upon review, we conclude the PCRA court's determinations are supported by the record. Trial counsel candidly admitted that he advised Appellant not to testify because of the potential admissibility of "his prior record and things involving his prior record[.]" N.T. PCRA Hearing, 3/25/21, at 10. He specified that his concern involved an outstanding warrant from a weapons charge in New York. ***Id.*** at 11. Counsel believed that, if Appellant testified, the Commonwealth could confront him with evidence of the New York warrant and weapons charge as potential "motive[s] for [Appellant] to either shoot the police or try to flee from the police" that the Commonwealth otherwise could not establish. Separately, "[i]t seemed like [Appellant] was with friends on the street corner and was walking away from the police." ***Id.***

A conviction and corresponding outstanding arrest warrant may properly be admitted for the purpose of establishing a motive for Appellant to flee from and shoot at police officers. ***See Commonwealth v. Correa***, 620 A.2d 497, 503-504 (Pa. Super. 1993) (evidence of arrest, conviction, and active bench warrant admissible to demonstrate a witness's motive to avoid the police); ***see also Commonwealth v. Johnson***, 160 A.3d 127 144 n.16 (Pa. 2017), *citing* Pa.R.E. 404(b)(2) ("Evidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of **motive**, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.")

(emphasis added). Thus, the record demonstrates that trial counsel advised Appellant not to testify based on a correct assessment of the law regarding the admissibility of Appellant's outstanding warrant and New York weapons charge. Thus, trial counsel's advice to Appellant was reasonable, and the record belies Appellant's claim that counsel's advice was predicated on Appellant's prior convictions for simple assault and terroristic threats.

Furthermore, Appellant's argument that he could have taken the stand but then asserted his Fifth Amendment right to "circumvent" the Commonwealth's questions is disingenuous. The law is clear that a defendant waives his right against self-incrimination by testifying in his own defense. *See In re M.W.*, 972 A.2d 1213, 1216 (Pa. Super. 2014). "His waiver is not partial; having once cast aside the cloak of immunity, he may not resume it at will, whenever cross-examination may be inconvenient or embarrassing." *Commonwealth v. Molina*, 104 A.3d 430, 447 (Pa. 2014), *quoting Raffel v. United States*, 271 U.S. 494 (1926). Appellant failed to demonstrate that trial counsel provided erroneous or unreasonable advice that vitiated Appellant's knowing and intelligent waiver. *Washington*, *supra*. Consequently, Appellant's claim fails.

Appellant next challenges PCRA counsel's ineffectiveness. Preliminarily, we note that Appellant raises this claim for the first time in this appeal.[7] Appellant's Brief at 3. Recently, our Supreme Court restructured the procedure by which a PCRA petitioner must assert claims of PCRA counsel's ineffectiveness to "allow[] a PCRA petitioner to raise claims of ineffective assistance of counsel at the first opportunity to do so, even when on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021). When raised on appeal, the Court explained:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

*Id.* at 402 (quotation marks, brackets, and citation omitted). Accordingly, appellate courts are empowered to grant or deny relief on straightforward claims or else remand for further development of the record. *Id.* at 403. Only

---

[7] Because we find that claims of PCRA counsel ineffectiveness may be raised for the first time on appeal pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), as discussed *infra*, and such authority allows this Court to consider Appellant's *pro se* concise statement asserting this claim, we need not address Appellant's final appellate issue regarding whether the PCRA court erroneously failed to consider Appellant's *pro se* concise statement.

by pleading a sufficient factual and legal basis will an appellant be entitled to remand to substantiate his claim. **See Commonwealth v. Parrish**, - A.3d -, 2022 WL 124413, at *13-14 (Pa. filed Apr. 28, 2022) (explaining that the appellant in that case pointed to potential evidence supporting his claim, provided a colorable argument, and alleged prejudice such that he was "entitled to a remand to present evidence and argument to substantiate his claim[.]").

Instantly, Appellant argues that his PCRA counsel was ineffective for failing to raise various issues of trial counsel's ineffectiveness. Appellant's Brief at 19-22. When raising a layered claim of ineffective assistance of counsel, a petitioner's "ineffectiveness claims as to PCRA counsel are derived from [the] underlying assertion that trial counsel performed deficiently and PCRA counsel should have raised such issues in the amended PCRA petition[,] PCRA counsel c[an] only be found ineffective if trial counsel was ineffective." **Commonwealth v. Crumbley**, 270 A.3d 1171, 1180 n.7 (Pa. Super. 2022) (citation omitted). Thus, a litigant raising a layered claim of ineffectiveness within the context of collateral review must adequately develop all three prongs of ineffectiveness for each layer of representation that is the subject of the challenge. **See Parrish**, 2022 WL 124413 at *11 n.11.

Appellant acknowledged his burden to establish all three prongs of the ineffectiveness test. Appellant's Brief at 19.1.[8] Nevertheless, he failed to plead or prove, with citation to relevant facts or law, any of the three prongs for either level of his ineffectiveness claim. *See id.* at 20.1-22. Rather, Appellant baldly stated that PCRA counsel failed to assert the following claim:

> Trial counsel was inef[f]ective for failing to move to suppress gun based on fruit of [the] poisonous tree where gun was ultimatel[y] obtained from actions deriving from il[l]egal stop and/or detention by police officer(s).

*Id.* at 22.[9] Appellant failed to establish there are "issues of material facts" regarding this claim because he did not aver any facts at all. Instead, Appellant solely stated a legal conclusion, without any factual foundation. He failed to plead any facts from his case within his brief that would support the determination that an illegal stop or detention occurred and that the gun he used to point and shoot at the police officers was subject to suppression as

---

[8] While we note that Appellant's handwritten pagination within his brief is unconventional, we attribute its irregularity to his *pro se* status, and cite to his pagination for purposes of consistency.

[9] Appellant raises additional claims suggesting that PCRA counsel was ineffective in failing to challenge the performance of trial counsel on additional grounds within the amended PCRA petition. Appellant, however, failed to preserve these claims within his *pro se* concise statement with sufficient specificity; thus, he waived those claims. *See Commonwealth v. Scott*, 952 A.2d 1190, 1191 (Pa. Super. 2008) (issues not raised in a Rule 1925(b) concise statement are waived).

- 11 -

fruit of the poisonous tree.[10]  Moreover, Appellant did not explain how he was prejudiced by trial court's failure to suppress this evidence.  Likewise, Appellant omitted discussion of the three ineffectiveness prongs relevant to PCRA counsel's action or inaction.  *See Commonwealth v. Reid*, 235 A.3d 1124, 1191 n.35 (Pa. 2020), *citing Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Consequently, we conclude Appellant failed to raise "more than mere boilerplate assertions of PCRA counsel's ineffectiveness" or aver any "material facts at issue" that merit remand for further development.  *Bradley*, 261 A.3d at 402.  Thus, we determine Appellant's ineffective assistance claim directed at PCRA counsel is unavailing.

---

[10] Assuming *arguendo* that Appellant addressed all three prongs of a layered ineffective assistance claim, his contentions nevertheless lack arguable merit. Appellant's claim posits that his initial encounter with the police constituted an illegal detention from which he fled.  But even if that were true, Appellant's subsequent assault on the officers purged any taint from the initial interaction and independently gave rise to probable cause for a valid arrest and incidental search, which yielded a gun.  *See Commonwealth v. Lynch*, 773 A.2d 1240, 1248 n.4 (Pa. Super. 2001) ("a crime witnessed by an officer subsequent to an improper stop must give rise to probable cause for arrest and for the admission of evidence"); *Commonwealth v. McKiernan*, 487 A.2d 7, 10 (Pa. Super. 1985) ("The law is clear [] that even an unlawful arrest does not excuse an assault upon an arresting police officer.").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/3/2022